Appellant Yong Weber appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, overruling her objections to the magistrate's decision pertaining to her divorce from Appellee Thomas Weber. Specifically, Appellant argues that the trial court erred by failing to independently assess the evidence prior to adopting the magistrate's decision. She also contends that the trial court erred in its award of spousal support, and its classification of certain property as marital and separate property. This Court affirms the judgment of the trial court.
 I.
Appellant and Appellee were married on November 19, 1970, in Korea. They had three children as issue of this union, all of whom were emancipated at the commencement of the instant action. Appellee filed an action for divorce on June 18, 1996, alleging incompatibility. The matter was referred to a magistrate, and the case proceeded to trial on August 5, 1997.
Appellee, Mary Weber (his mother), and Cheryl Weber (daughter of Appellant and Appellee), testified on behalf of Appellee. Their pertinent testimony can be summarized as follows: Appellant has a history of alcoholism, and other various medical problems, some arising from an automobile accident in which she sustained broken bones in her pelvis and each leg; Appellee has not been employed for the majority of the marriage, and is presently unemployed; during December 1995, Appellant withdrew approximately $8,000 from a joint bank account between Appellant and Appellee, and spent the money on clothing, shoes, and perfume. She later closed the account, withdrawing the remaining $3,100; Appellee financed a new Acura automobile for Appellant with a present estimated value of between $8,000 and $8,600; Appellee borrowed approximately $5,000 from his mother to purchase a tractor, and he has made several payments toward that loan; and Appellee had offered Appellant an engagement ring, previously purchased for another woman, valued at $500, but Appellant refused to accept this ring.
Appellant testified on her own behalf, and submitted a deposition of Dr. Kab-Soo Kang. She indicated that the Acura automobile was valued at approximately $5,000, that Appellee had given the car to her as a gift, that she had a history of health problems that prevented her from obtaining gainful employment, and that Appellee had given her the diamond ring that he had originally offered to her as an engagement ring. She further testified that upon their divorce, she would no longer have medical, dental, or optical medical insurance, and that she was taking numerous prescription drugs for her medical problems, costing approximately $755 per month. Dr. Kang provided testimony of his treatment of Appellant's medical problems, and her current medications. He further opined that due to her health related problems she would likely be unable to obtain regular employment.
At the conclusion of the testimony, the magistrate took the matter under advisement. On October 2, 1997, the magistrate issued findings of fact and conclusions of law. The magistrate recommended that "[e]ach party should be awarded a divorce from the other on the ground of incompatibility." The magistrate further found that the Acura automobile was marital property, and that the diamond engagement ring was Appellee's separate property. The following pertinent distribution of property was then made: Appellant was awarded the Acura automobile, valued at $5,000, as part of the marital distribution, and Appellee was awarded the diamond engagement ring as separate property. The magistrate also awarded spousal support for Appellant as follows: Appellee must pay $750 per month until the marital home is sold and Appellant receives her portion of the proceeds thereof. Thereafter, Appellee must pay $1,100 per month for thirty-six (36) months, and $700 per month for an additional thirty-six (36) months, or until Appellant dies, remarries or cohabitates with an unrelated person, then Appellee must pay $600 per month until Appellant dies, remarries, cohabitates with an unrelated person, or receives payments from Appellee's pension fund.
On October 16, 1997, Appellant filed timely objections to the magistrate's decision. The trial court overruled these objections, and adopted the magistrate's decision on January 12, 1998. Appellant has timely appealed, presenting three assignments of error. Her assignments of error will each be addressed in turn.
 II. First Assignment of Error The trial court erred, as a matter of law, in failing to exercise its own independent judgment when ruling upon the Appellant's objections to the Magistrate's decision.
Appellant first contends that the trial court erred by adopting the magistrate's decision because it did not independently review the evidence and exercise its own judgment in determining the validity of the magistrate's decision. This assertion is without merit.
Appellant argues that the trial court failed to conduct a denovo review of the evidence, and independently enter a judgment on her objections to the magistrate's decision. She contends that a "trial court is required to undertake an equivalent of a de novo
determination in light of any filed objections and is required toindependently assess the facts and conclusions contained in the magistrate's decision." (Emphasis sic.) She asserts that this proposition "remains the law today." However, Appellant's contention ignores this Court's prior precedent relating to this issue, and boldly asserts a proposition of law that has clearly been abandoned by both the legislature and the judiciary. InRogers v. Rogers (Dec. 17, 1997), Summit App. No. 18280, unreported at 7, this Court specifically held that "Civ.R. 53 no longer requires a trial court to conduct an independent review of the facts and make its own factual determination when adopting a magistrate's decision." See, also, Rush v. Schlagetter (Apr. 15, 1997), Ross App. No. 96CA2215, unreported, 1997 Ohio App. LEXIS 1560, at *7; Civ.R. 53(E) Staff Note (July 1, 1995 amendment). Accordingly, the trial court is required to modify or reject a magistrate's decision only where from the face of the decision there is an error of law or other defect. Therefore, the trial court in the instant case was not required to conduct a de novo
review of the evidence prior to adopting the magistrate's decision. Appellant's first assignment of error is overruled.
 Second Assignment of Error The trial court erred, as a matter of law, in failing to find that the Acura automobile given by [Appellee] to [Appellant] was a gift and the engagement ring was also a gift. As gifts such items were separate property and therefore not subject to equitable division.
Appellant next avers that the trial court erred by not independently reviewing the evidence, and, that had the trial court conducted such a review, it should have determined the Acura automobile to be a gift rather than marital property, and the diamond engagement ring to be a gift to Appellant rather than Appellee's separate property. We disagree.
Based upon our disposition of Appellant's first assignment of error, it is clear that the trial court was not required to independently review the evidence. A trial court is not bound to follow or adopt a magistrate's decision. Mealey v. Mealey (May 8, 1996), Wayne App. No. 95CA0093, unreported at 5. As an appellate court, we review a trial court's decision to adopt, reject, or modify a magistrate's decision under an abuse of discretion standard. See Wade v. Wade (1996), 113 Ohio App.3d 414, 419. A reviewing court may not merely substitute its judgment for that of the trial court. Perrine v. Perrine (Nov. 20, 1996), Summit App. No. 17736, unreported at 7. As such, our review is limited to whether, in adopting the magistrate's decision, "the [trial] court's attitude [was] unreasonable, arbitrary or unconscionable."State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.
(1995), 72 Ohio St.3d 106, 107.
Appellant argues that the Acura automobile and a diamond ring were gifts from Appellee, and not marital and separate property, respectively. We will first address the disposition of the Acura as marital property. R.C. 3105.17.1(A) (6) defines "separate property," and provides, in pertinent part, as follows:
 (a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
* * *
 (vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.
Appellant's argument relies solely upon the definition of "separate property" provided in R.C. 3105.17.1(A) (6) (a) (vii), and on the proposition that the trial court should have conducted an independent review of the evidence. She fails to demonstrate that the trial court acted arbitrarily, unconscionably, or unreasonably by adopting the magistrate's decision as it pertained to the classification of the Acura as marital property. Nevertheless, the testimony before the magistrate indicated that Appellant provided the down payment for the Acura, and that Appellee financed the remaining balance. Additionally, the title of the car was in Appellee's name. R.C. 3105.17.1(H) states:
 Except as otherwise provided in this section, the holding of title to property by one spouse individually * * * does not determine whether the property is marital property or separate property.
This Court has held that "[t]he effect of R.C. 3105.17.1(H) `is to negate the presumption of a gift, but not to preclude such a finding upon an appropriate factual context.'" Gest v.Gest (Apr. 29, 1998), Lorain App. No. 96CA006580, unreported at 13, quoting Barkley v. Barkley (1997), 119 Ohio App.3d 155, 161. Appellant contends that Appellee's testimony that the car was a reward for her sobriety is sufficient evidence that the car was intended as a gift. However, this is not a sufficient factual basis upon which to determine that the Acura was a gift constituting separate property, rather than marital property. The magistrate concluded from the evidence that the car was marital property. Appellant has failed to demonstrate that the trial court acted unreasonably by adopting the magistrate's decision as it pertained to the Acura. As such, this Court cannot conclude that the trial court abused its discretion by adopting the magistrate's finding that the car constituted marital property.
We turn next to the issue of whether the diamond ring was the separate property of Appellant or Appellee. The testimony before the magistrate indicated that Appellee had purchased the ring for another woman prior to his marriage to Appellant. The evidence further established that Appellee did attempt to give the ring to Appellant as an engagement ring, but Appellant refused to accept it. Appellant claims that it is "axiomatic that engagement rings given, without condition, are gifts and not subject to reclaim." However, she presents no authority for this proposition, and makes no legal argument demonstrating how the trial court acted unreasonably by adopting the magistrate's finding that the ring was Appellee's separate property. The evidence is clear that Appellee purchased the ring prior to his marriage to Appellant, and that Appellant refused to accept the ring. The testimony upon which Appellant relies serves to undercut, rather than support, her position. Appellant admitted during trial that she refused to accept this ring. Her bald assertion before this Court that the ring somehow became a gift simply because she had possession of it is completely unfounded. Based upon the record, this Court cannot conclude that the trial court abused its discretion by adopting the magistrate's finding that the ring was Appellee's separate property.
Appellant has made no attempt to demonstrate that the trial court abused its discretion by adopting the magistrate's findings that the automobile was marital property, and that the ring was Appellee's separate property. Accordingly, Appellant's second assignment of error is overruled.
 Third Assignment of Error The trial court erred, as a matter of law, when for the purpose of determining spousal support, it ignored specific findings which demonstrated the inadequacy of such award.
Finally, Appellant asserts that the trial court erred by not independently reviewing the magistrate's decision pertaining to spousal support, and that such award was inequitable. These assertions are without merit.
As previously noted, the trial court need not conduct a denovo review of the evidence. Therefore, we must determine only whether the trial court abused its discretion by adopting the magistrate's decision as it relates to spousal support. As in her first two assignments of error, Appellant presents no legal argument or any authority in support of her proposition. Instead, she repeatedly questions the equity and adequacy of the spousal support awarded. Rather than attempting to answer these inquiries, Appellant attacks the magistrate's conclusion that her physician's testimony was inconclusive as it pertained to her ability to find permanent employment. It is certain from the evidence that Appellant faces numerous medical problems, including her battle with alcoholism. However, Appellant has not demonstrated how the trial court acted unreasonably in adopting the magistrate's determination of the amount and terms of spousal support.
As noted by Appellee, Appellant inappropriately cites authority from this Court for the supposed proposition of "equalization." In Sollberger v. Sollberger (Mar. 17, 1993), Summit App. No. 15796, unreported at 2, this Court held that "R.C.3105.18 (spousal support) does not prescribe equalizing income. Instead, that section sets forth fourteen factors to be considered by the court in determining whether spousal support is appropriate and reasonable and the amount and terms of spousal support." (Emphasis added.) Despite Appellant's assertion to the contrary, the magistrate considered the appropriate factors provided in R.C.3105.18 in determining the amount and terms of spousal support. Based upon Appellant's failure to present any argument, or authority, demonstrating that the trial court abused its discretion, her third assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, P. J.
CARR, J.
CONCUR