DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Constance Reynolds appeals the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, adopting, in part, the magistrate's decision, and sustaining one of Appellee Robert Reynolds' objections to that decision. Specifically, Appellant argues that the trial court erred by adopting the magistrate's decision because the magistrate failed to divide Appellee's pension fund upon entering judgment upon the divorce decree. She also argues that the trial court erred in sustaining Appellee's objection to the magistrate's valuation of his pension fund. We affirm the judgment of the trial court.
The facts of this case are not in issue. The parties were married on May 19, 1974, and had one child as issue of this union, who was emancipated at the commencement of these proceedings. Appellant filed an action for divorce on June 19, 1997. The matter was referred to a magistrate, and the case proceeded to trial on January 14, 1998. At trial, Appellant presented the testimony of David Kelley regarding the valuation of Appellee's Public Employee Retirement System ("PERS") account. At the time of trial, Appellee had made deposits into this account totalling $26,656.90. Based upon this account total, Mr. Kelley testified that Appellee's account was presently valued at $59,342.12, and in adjusting this figure to reflect cost of living adjustments (COLA), the account would be worth $72,754.18. At the close of all the evidence, the magistrate took the matter under advisement.
On February 18, 1998, the magistrate issued his decision. Regarding Appellee's PERS account, the magistrate concluded that the trial court should retain jurisdiction to distribute Appellant's share of the PERS account upon either Appellee terminating his employment with the Wayne County Sheriff's Department, or upon his application for benefits when he reaches retirement age. The magistrate further determined that the PERS account should be valued at $72,754.18 using the COLA provision. Each party filed timely objections to the magistrate's decision with the trial court. The trial court overruled the objections except for Appellee's objection relating to the valuation of his PERS account. The trial court concluded that the magistrate had erred by factoring in the COLA provision in determining the value of Appellee's PERS account. The trial court sustained Appellee's objection in this regard, and concluded that the value of his PERS account should be $59,342.12. Appellant has now appealed to this Court, presenting two issues for our review.
 First Assignment of Error The trial court erred as a matter of law by its failure to divide the Public Employees Retirement Account (PERS) of [Appellee] at the time of the termination of the marital relationship of the parties.
Appellant first avers that the trial court erred by retaining jurisdiction over the distribution of Appellee's PERS, rather than ordering the immediate distribution of Appellant's share upon the judgment of divorce. We disagree.
When a trial court reviews the findings of fact and conclusions of law of a magistrate's decision and determines that an error of law or other defect is found on the face of the decision, the trial court must reverse or modify the magistrate's decision. Weber v. Weber (June 30, 1999), Medina App. No. 2846-M, unreported at 5. As an appellate court, we review a trial court's decision to adopt, reject, or modify a magistrate's decision under an abuse of discretion standard. See Wade v. Wade
(1996), 113 Ohio App.3d 414, 419. A reviewing court may not merely substitute its judgment for that of the trial court.Perrine v. Perrine (Nov. 20, 1996), Summit App. No. 17736, unreported at 7. As such, our review is limited to whether, in adopting the magistrate's decision, "the [trial] court's attitude [was] unreasonable, arbitrary or unconscionable." State ex rel.Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106,107.
In the instant case, Appellant has failed to demonstrate that the trial court abused its discretion by adopting the magistrate's decision that it should retain jurisdiction over Appellee's PERS account, and make a distribution upon his termination of employment, or upon his application and receipt of those retirement funds. Appellant argues that failing to make a division upon the judgment of divorce will unnecessarily continue the entanglement of the parties' economic affairs. However, inHaynes v. Haynes (Mar. 4, 1998), Summit App. No. 18487, unreported at 2-3, this Court noted that "[i]t is true that disentangling the parties' affairs as quickly as possible is a favorable result, but facilitating financial disassociation is not the only factor to consider." (Citation omitted.) As the Ohio Supreme Court has held, in distributing pensions or retirement funds upon divorce,
 [t]he trial court must have the flexibility to make an equitable decision based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension plan, and the reasonableness of the result. Thus, any given pension or retirement fund is not necessarily subject to direct division but is subject to evaluation and consideration in making an equitable distribution of both parties' marital assets.
Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 180. In Sprankle v.Sprankle (1993), 87 Ohio App.3d 129, this Court stated that there are at least four different methods by which retirement benefits can be distributed as part of a property settlement:
 "The trial court may order (1) withdrawing the employee's interest from the fund; (2) offsetting the present value of the nonemployee spouse's share of the pension with other marital property; (3) offsetting the present value of the nonemployee's share with installment payments; or (4) ordering that a percentage of the future benefits be paid directly from the pension fund to the nonemployee spouse, if and when the pension matures."
Id. at 132, quoting Smith v. Smith (Feb. 15, 1989), Summit App. No. 13678, unreported at 4. Accordingly, courts have the option of retaining jurisdiction to order the distribution of benefits upon either their maturity, or upon the employee's application for withdrawal of those funds.
The option of the trial court to retain jurisdiction was also recognized by the Ohio Supreme Court in Hoyt: "A deferred distribution may consist of either a current assignment or a division of the asset at such time that the plan directs distribution based upon the employee's eligibility." Hoyt,53 Ohio St. 3d at 181. The court further stated that "[i]n a situation involving vested but unmatured retirement benefits, the trial court may reserve jurisdiction and either determine the parties' proportionate shares at the time of the divorce or determine proportionality when the benefits become vested and matured." Id. at 182. In Stovall v. Stovall (Sept. 23, 1992), Summit App. No. 15335, unreported at 7-8, this Court set forth two methods of distributing a party's retirement fund as follows:
 Under the present value method the court determines the amount to be distributed to the non-employee spouse and then either orders that amount withdrawn from the pension fund or offsets that amount with other marital property or with installment payments. Under the deferred distribution method the court orders that a percentage of the future benefits be paid from the fund to the non-employee spouse if and when the pension matures.
(Citation omitted.) The court in Hoyt also acknowledged the inherent difficulties that may arise by deferring to make a distribution until the benefits are disbursed, including the possibilities that the employee spouse may terminate his or her employment, or die prior to the funds being vested and matured. Nevertheless, it remains a viable option for the trial court to retain jurisdiction under appropriate circumstances. See Franjeshv. Berg (Oct. 2, 1996), Summit App. No. 17534, unreported at 9;Sprankle, 87 Ohio App.3d at 134 (when an immediate division is not viable, the trial court may retain jurisdiction to make a future distribution).
In the instant case, Appellant argues that if the trial court were permitted to defer distribution, Appellee could terminate his employment, or die, prior to his PERS account maturing, thereby rendering it much less valuable, or without value, to both parties. However, based upon the marital assets at the time of the divorce, and under the totality of the circumstances of this case, it was not unreasonable for the trial court to defer division of the PERS account until Appellee cashes it in or applies for the benefits. As this Court noted in Meyer v. Meyer
(Oct. 26, 1994), Summit App. Nos. 16433, 16440, unreported at 22,
 whenever an immediate division is not possible, * * * a domestic relations court must direct the employee spouse to pay the nonemployee spouse a percentage of the benefits as they are received based upon a formula that recognizes some benefits will have been accumulated based upon employment during the marriage and some benefits will have been accumulated based upon employment outside the marriage.
(Emphasis added.) The trial court's order retaining jurisdiction to direct Appellee to pay Appellant a percentage of the benefits when they are received was within the court's sound discretion in fashioning an equitable division of the marital assets in this case. Appellant has failed to demonstrate that the trial court acted arbitrarily, unconscionably, or unreasonably by adopting the magistrate's recommendation regarding the disposition of the PERS account. Therefore, her first assignment of error is overruled.
 Second Assignment of Error The trial court erred as a matter of law in valuing the Public Employees Retirement System (PERS) account of [Appellee] by placing a value on such account without the inclusion of the cost of living adjustment.
Appellant next contends that the trial court erred by sustaining Appellee's objection to the magistrate's valuation of his PERS account. However, this assignment of error is rendered moot by our disposition of the first assignment of error and is overruled accordingly. See App.R. 12(A) (1) (c).
Appellant's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, is affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 __________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR