[Cite as *Emerald Woods Golf Course v. Cuyahoga Landmark, Inc.*, 2012-Ohio-2933.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97750**

# EMERALD WOODS GOLF COURSE

PLAINTIFF-APPELLEE

vs.

# CUYAHOGA LANDMARK, INC.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Berea Municipal Court
Case No. 10 CVF 03328

**BEFORE:** S. Gallagher, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 28, 2012

**ATTORNEYS FOR APPELLANT**

Christopher L. Parker
Ronald K. Lembright
Roderick Linton Belfance LLP
1500 One Cascade Plaza
Akron, OH   44308


**ATTORNEY FOR APPELLEE**

Bruce W. McClain
28218 Knickerbocker
Bay Village, OH   44140

SEAN C. GALLAGHER, J.:

{¶1} Appellant, Cuyahoga Landmark, Inc., appeals the judgment of the Berea Municipal Court, which confirmed the magistrate's findings, found in favor of the appellee, Emerald Woods Golf Course ("Emerald Woods"), and awarded damages in the amount of $1,604.36. For the reasons stated herein, we affirm.

{¶2} Emerald Woods is a golf course in Columbia Station, Ohio. It purchased fuel from Cuyahoga Landmark for a number of years. As part of its fuel sales arrangement, Cuyahoga Landmark supplied Emerald Woods with two storage tanks. Around May 2010, Emerald Woods switched to another fuel supplier, whose fuel was placed in the storage tanks that had been supplied by Cuyahoga Landmark. Approximately one month later, on June 4, 2010, a representative from Cuyahoga Landmark removed the storage tanks and the fuel that was contained within them. This occurred without prior notice to Emerald Woods.

{¶3} On December 13, 2010, Emerald Woods filed a complaint against Cuyahoga Landmark, alleging claims of conversion, breach of contract, and trespass to real property. In addition to its loss of fuel, Emerald Woods alleged that its business operations were disrupted because it was without fuel to power the equipment and vehicles needed to operate the golf course.

{¶4} Cuyahoga Landmark filed an answer and counterclaim, asserting claims for breach of contract, conversion, trespass to chattels, and fraud. Cuyahoga Landmark

stated that the fuel storage tanks were provided for the sole use of storing Cuyahoga Landmark's fuel products. It claimed that Emerald Woods had breached the fuel sales arrangement by storing a competitor's fuel in the storage tanks, wrongfully converted the tanks for its own use and benefit, intentionally deprived Cuyahoga Landmark of rightful possession of its storage tanks, and fraudulently concealed its use of the tanks to store a competitor's product.

{¶5} Cuyahoga Landmark conceded taking the storage tanks and fuel, but claimed it offered to return the fuel if other storage tanks were provided, and ultimately provided a check in the amount of $668.35, which represented payment for 220.1 gallons of diesel fuel and 70 gallons of gasoline. Emerald Woods did not cash the check and disputed the amount of fuel that was in the tanks. Emerald Woods also claimed damages for lost revenue and disruption of business.

{¶6} The matter proceeded to trial before a court magistrate. Cuyahoga Landmark withdrew its counterclaim. On November 3, 2011, the magistrate issued a decision in which the magistrate found that "the plaintiff substantiated its claim by a preponderance of the evidence against the defendant as to the amount of fuel taken and for costs of disrupting the plaintiff's business." The magistrate awarded damages to the plaintiff in the amount of $1,604.36 plus costs and interest of 4 percent per annum from the date of judgment.

{¶7} Cuyahoga Landmark filed an objection to the magistrate's decision. Cuyahoga Landmark asserted that "[w]hile [Cuyahoga Landmark] stipulates the amount

of fuel taken was $688.35, there was no specific evidence elicited by [Emerald Woods] substantiating their claim for disrupting their business * * *."

{¶8} The trial court overruled the objection and approved and confirmed the magistrate's finding. The court found that Emerald Woods had substantiated its claim on the evidence presented and entered judgment against Cuyahoga Landmark in the amount of $1,604.36 plus costs and interest of 4 percent per annum from the date of judgment. The court issued an amended judgment entry indicating the counterclaim had been withdrawn.

{¶9} Cuyahoga Landmark filed this appeal, raising one assignment of error for review. The sole assignment of error provides, "The trial court abused its discretion when it confirmed and approved the magistrate's order awarding the plaintiff $1,604.36 when said award was not based upon the preponderance of the evidence."

{¶10} We review a trial court's adoption of a magistrate's decision for an abuse of discretion. *Wade v. Wade*, 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (11th Dist.1996). An abuse of discretion exists when a court's decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 8.

{¶11} Civ.R. 53(C)(2) permits a court of record to appoint a magistrate to "[c]onduct the trial of any case that will not be tried to a jury." Upon the conclusion of a matter that has been referred to a court magistrate, the magistrate must prepare a decision. Civ.R. 53(D)(3)(a)(i). The magistrate's decision "may be general unless findings of fact

and conclusions of law are timely requested by a party or otherwise required by law." Civ.R. 53(D)(3)(a)(ii). Any objection to a magistrate's factual finding "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). Upon timely objection, the trial court must undertake an independent review of the objected matters. Civ.R. 53(D)(4)(d). The court may adopt the magistrate's decision without modifications and must enter a judgment on the matter. Civ.R. 53(D)(4)(b) and (e).

{¶12} Cuyahoga Landmark argues that while the magistrate's decision and judgment entry found that the plaintiff's claim was substantiated by a preponderance of the evidence, no reasonable basis was set forth for the determination of damages in the amount of $1,604.36. Initially, we recognize that neither the magistrate nor the trial court was required to set forth a rationale for its decision because Cuyahoga Landmark never requested findings of fact and conclusions of law pursuant to Civ.R. 53(D)(3)(a)(ii). Also, in objecting to the magistrate's decision, Cuyahoga Landmark did not file a transcript for the trial court's review. Thus, Cuyahoga Landmark did not properly support its objection.

{¶13} Further, a review of the record on appeal, which does contain the transcript, shows that the damage award was supported by the record. At trial, Emerald Woods produced evidence showing its delivery schedule and fuel purchases, the average amount of fuel used per day, and its calculation for the amount of fuel loss on the date the tanks

were removed. The total value of gasoline and diesel taken was calculated at $1,190.36. There was also testimony that the fuel disruption caused Emerald Woods to turn away 18 golfers because golf carts were unavailable. There was a calculation of $414 for lost revenues. The above amounts total the amount of damages awarded by the trial court. Emerald Woods sought additional amounts for sending employees to the local gas station to fill five-gallon tanks, but it would appear that these amounts were excluded from the damage award. Upon our review, we find the claims were substantiated and that the damage award was supported by the record.

{¶14} Finding no abuse of discretion by the trial court, we overrule appellant's sole assignment of error.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR