OPINION
Plaintiff-appellant Bernadette Handlovic appeals from the May 14, 1999, and June 11, 1999, Judgment Entries of the Ashland County Court of Common Pleas Domestic Relations Division. Defendant-appellee is Andrew G. Handlovic. Appellant assigns six errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR I
THE MAGISTRATE ERRED BY FAILING TO AWARD APPELLANT SPOUSAL SUPPORT FOR THE REASONS THAT APPELLEE EARNS SUBSTANTIALLY GREATER INCOME THAN APPELLANT, APPELLEE HAS A SUBSTANTIALLY GREATER INCOME EARNING ABILITY AND POTENTIAL THAN APPELLANT, AND APPELLANT IS IN DIRE NEED OF SUPPORT TO ASSIST HER IN MEETING HER BASIC NEEDS.
 ASSIGNMENT OF ERROR II
THE MAGISTRATE ERRED BY DETERMINING THAT THERE EXISTED A PREMARITAL PORTION OF APPELLEE'S PENSION PLAN.
 ASSIGNMENT OF ERROR III
THE MAGISTRATE ERRED BY FAILING TO DETERMINE THAT APPELLEE ENGAGED IN FINANCIAL MISCONDUCT IN THE PURCHASE OF THE 1997 CHEVROLET TRUCK WITHOUT PERMISSION, KNOWLEDGE OR CONSENT OF APPELLANT AND FAILED TO TAKE INTO ACCOUNT THE POTENTIAL FOR SETTLEMENT OF THE AUTOMOBILE DEFICIENCY.
 ASSIGNMENT OF ERROR IV
THE MAGISTRATE ERRED BY INCLUDING THE ALLIS CHALMERS TRACTOR IN THE MARITAL DIVISION OF ASSETS AND DEBTS FOR THE REASON THAT SAID ASSET WAS DIVIDED BY THE PARTIES BY STIPULATION.
 ASSIGNMENT OF ERROR V
THE MAGISTRATE ERRED BY GIVING APPELLEE CHILD SUPPORT ARREARAGE CREDIT FOR ADDITIONAL DEBT UNDERTAKEN BY THE MAGISTRATE'S DECISION.
 ASSIGNMENT OF ERROR VI
THE MAGISTRATE ERRED BY AWARDING TO APPELLEE THE CHILDREN AS TAX DEPENDENTS/EXEMPTIONS.
At the time the Complaint was filed, the parties had two minor children. A trial before a Magistrate was held on February 17, 1999. The Magistrate made findings of fact and conclusions of law. Appellant thereafter filed timely objections to the Decision. The trial court, in its Judgment Entry of May 14, 1999, overruled all of appellant's objections, and adopted the Magistrate's Decision as the order of the court. Initially, we note that appellant failed to provide the trial court with a transcript of the proceedings before the Magistrate for the trial court's review of Appellant's Objections to the Magistrate's Decision. Any objection to a finding of fact must be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. Civ.R. 53(E)(3)(b). It appears from the record that a praecipe for a transcript of the proceedings before the Magistrate was filed, however, no transcript nor affidavit was filed. It was appellant's duty to provide a transcript of proceedings or an alternative, such as an affidavit, to the trial court. Civ.R. 53 (E)(3)(b). Absent a transcript or appropriate alternative, a trial court is limited to an examination of the referee's conclusions of law and recommendations in light of the accompanying findings of fact unless the trial court elects to hold further hearings. Wade v. Wade (1996), 113 Ohio App.3d 414, 419. Likewise, our review is limited to a review of the trial court's actions in light of the facts as presented in the Magistrate's Decision. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728. Therefore, we are precluded from considering the transcript of the proceeding submitted with the appellate record. Id.; Civ.R. 53(E)(3)(b).
 I
In appellant's first assignment of error, appellant contends that the trial court erred when it failed to award spousal support to appellant. A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. A trial court abuses its discretion when, in addition to making an error of law or judgment, it acts with an unreasonable, arbitrary, or unconscionable attitude. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Ohio Revised Code section 3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. R.C. 3105.18(C)(1) provides: (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors: (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171
of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable.
Appellant argues that spousal support was appropriate because appellant earns $23,210.00 per year as compared to the $60,972.48 earned by appellee yearly and that the trial court failed to consider all of the factors of R.C. 3105.18 in deciding not to award spousal support. The trial court found that "[u]pon full consideration of the factors enumerated in R.C. 3105.18(C)(1)(a) through (n), the court finds and determines that an award of spousal support is not necessary or appropriate, as the plaintiff has testified that she has no current financial need for spousal support, that plaintiff is employed, and that plaintiff's income exceeds her normal expenses." The trial court expressly stated it had considered all the factors, even though it chose not to discuss each of them. The first assignment of error is overruled.
 II
In appellant's second assignment of error, appellant contends the trial court erred when it determined that a portion of appellee's pension plan was a pre-marital asset. We agree that the trial court erred when it determined that a portion of the appellee's pension through Local 18 Ohio Operating Engineers accrued prior to the marriage of the parties. We find, though, that the mistaken finding of fact does not affect the final order of the trial court as to that pension. The trial court ordered each party be awarded 50% of the marital portion of the pension, to be determined by the coverture method. The coverture method bases the division on the total years of service, not the date of divorce. Furthermore, the trial court's findings were based upon a report to which appellant stipulated. Appellant offered nothing to dispute the report. Appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant argues that the trial court erred when it failed to find appellee committed financial misconduct in the purchase of a 1997 Chevrolet pick-up truck without her permission, knowledge or consent and failed to take into account the potential for settlement of the automobile deficiency. We disagree. R.C. 3105.171 provides, in pertinent part: * * * (C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors . . . * * * (E)(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property. (Emphasis added.) As the inclusion of the term "may" in R.C. 3105.171(E)(3) indicates, the decision regarding whether to compensate a party for the financial misconduct of the opposing party is discretionary with the trial court. Leister v. Leister (Oct. 23, 1998), Delaware App. No. 97CA-F-07027, unreported, 1998 WL 751457. Therefore, a trial court's decision on this issue will not be reversed on appeal absent a showing of an abuse of discretion; i.e. a showing that the trial court's decision is arbitrary, unreasonable or unconscionable and not merely an error of law or judgment. Id.; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Upon review of the record, we find the trial court did not abuse its discretion in failing to find that the purchase of the truck was financial misconduct. We also find that the trial court did take into account the potential for settlement of the automobile deficiency. The trial court found that the truck was leased prior to the parties' separation. The trial court specifically found, in response to appellant's claim that appellee committed financial misconduct, that the acquisition of the truck did not increase the monthly expenses of the parties, nor did the appellant object to the lease at the time it was made. The trial court further found that the truck was used as the family vehicle and was driven by appellant on multiple occasions. Under these facts, the trial court`s failure to determine that appellee committed financial misconduct in the lease of the 1997 pick-up was not error. We also find that the trial court did take into account the potential for settlement of the pick-up truck deficiency. First of all, the trial court specifically stated that it considered a settlement which would reduce the debt when the trial court stated: "The Court finds that the additional debt allocated to defendant [appellee] takes into account the relative incomes of the parties, and their ability to pay the debt allocated. In addition, defendant is represented in litigation concerning the National City Bank debt and has the potential to substantially reduce the debt to the point where an offset of child support arrearages against defendant's negative asset and debt allocation will result in a property division that is almost equal as between the parties. The resolution of this situation is within the control of defendant." (No. 27 on page 11 of the divorce decree.)
Secondly, the numbers setting forth the property and debt division bear this out. The trial court, on pages 10 and 11 of the divorce decree, awarded appellant property with a positive net value of $1,926.50 and awarded appellee property with a negative net value of ($9,821.09). In sum, the trial court's findings support its conclusion that the National City Bank debt was a marital debt and that appellant did not commit financial misconduct warranting any compensation to appellant in the division of marital property. Therefore, the trial court did not abuse its discretion as to that issue. The trial court also considered the potential for settlement of the debt due National City Bank. Appellant's third assignment of error is overruled.
 IV
Appellant contends that the trial court erred by including the Allis Chalmers tractor in the marital division of assets and debts arguing that the tractor was divided by the parties by stipulation. We disagree. As in the other assignments of error, this court's review is limited to an application of the law to the facts as found by the trial court. The parties stipulated that appellee had the Allis Chalmers tractor in his possession and that this tractor "[is] to be the property of the plaintiff [appellant] pursuant to the parties' stipulation and agreement." The stipulated value of the tractor was $1,500.00. The facts do not represent that the tractor was part of a stipulated equal exchange but only that the parties stipulated that the tractor would be given to appellant. Therefore, the trial court did not error in finding the tractor was worth $1,500.00 and placing it on the appellant's side of the ledger in the property division. Appellant's fourth assignment of error is overruled.
 V
In the fifth assignment of error, appellant argues that, based upon the trial court's errors, the trial court erred by giving appellee child support arrearage credit. Appellant contends that the balance sheet dividing assets and debts should be changed by removing the National City Bank debt for the 1997 pick-up truck as a marital debt and making it appellee's separate debt see supra, III, and by removing the $1,500.00 value for the Allis Chalmer tractor supra, IV.
For two reasons, we do not find any merit in appellant's fifth assignment of error. Because of our holdings in III and IV, supra, we reject appellant`s calculations. Secondly, it is impossible for us to review whether the trial court abused its discretion on this matter because the findings of the trial court do not include the amount of the temporary child support arrearages. For the above reasons, appellant's fifth assignment of error is overruled.
 VI
In appellant's sixth and final assignment of error, appellant argues that the trial court erred when it awarded the tax exemption for their two minor children to appellee. Ohio law provides the manner in which a trial court may allocate tax exemptions for minor children. The trial court must find that "the interest of the child has been furthered" before it can allocate the exemption to the noncustodial parent. Bobo v. Jewell (1988),38 Ohio St.3d 330, 332, 528 N.E.2d 180, 183. The best interest of the child is furthered when the allocation of the exemption to the noncustodial parent produces a net tax savings for the parents. Singer v. Dickinson (1992), 63 Ohio St.3d 408, 588 N.E.2d 806, paragraph two of the syllabus. Such net tax savings for the parents can only occur when the noncustodial parent's taxable income falls into a higher tax bracket. Id. at 415,588 N.E.2d at 811-812. See Bobo, 38 Ohio St.3d at 333, 528 N.E.2d at 183-184. When determining the net tax savings to the parties, a trial "court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." Singer, 63 Ohio St.3d at 416,588 N.E.2d at 812; Hall v. Hall (Feb. 9, 1998), Stark App. No. 1997 CA 00067, unreported, 1998 WL 173211. In this case, the Magistrate's decision which was adopted by the trial court shows that appellant's gross annual income was $60,972.48 while appellee earned $23,210.00. The decision also reflects that appellee pays local income tax at a rate of 1.8% while appellant does not pay local income tax. In making its decision to award the tax exemptions to appellee, the trial court accurately cited the state of the law on the award of tax exemptions correctly, pursuant to Singer, supra. However, the record in this case does not show that the interest of the children has been furthered by allocating the exemption to appellee, nor did the court make findings to demonstrate the net tax savings. In making its decision, there is no indication that the trial court considered all pertinent factors. Here we find that the trial court based its decision upon the gross incomes of the parties and whether the parties paid local income tax but failed to consider the deductions or exemptions each party may be entitled to so that the trial court could find whether, after application of the relevant factors, appellee was in a higher tax bracket so as to result in a net tax savings to the parents and thereby be in the children's best interest. Therefore, the analysis required by Singer, supra is not apparent on the record. We reverse and remand this matter for the trial court to make a review of all pertinent factors pursuant to Singer, supra. (See Hall v. Hall, (Feb. 9, 1998), Stark App. No. 1997CA000067, unreported, 1998 WL173211). Appellant's sixth assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Ashland County, Ohio, is affirmed in part and reversed in part, and the cause is remanded for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., and Milligan, V. J., concur Edwards, J., concurs in part; dissents in part