Plaintiff-appellant Robert Lee Harvey appeals from the November 16, 1999, Judgment Entry of the Muskingum County Court of Common Pleas. Plaintiff-appellee is Nancy Lee Harvey.
 STATEMENT OF THE FACTS AND CASE.
Appellee-plaintiff, Nancy Lee Harvey [hereinafter appellee], filed a Complaint for divorce on November 24, 1998, alleging that the parties were incompatible as marriage partners and that the appellant-defendant Robert Lee Harvey [hereinafter appellant] was guilty of gross neglect of duty and extreme cruelty. On December 9, 1998, appellant filed an Answer. In his Answer, appellant admitted that the parties were incompatible as marriage partners, but denied all other allegations of misconduct. The matter came on for hearing before a Magistrate on June 14, 1999. On August 10, 1999, a Magistrate's Decision was issued, which found the following facts: Appellant and appellee were married on January 28, 1972. The parties had two children born issue of the marriage: Amanda L. Harvey, born July 1, 1976, and Dan R. Harvey, born February 15, 1979. Both children were emancipated. Appellee was forty-eight years of age and in apparent good health. Appellant was forty-nine years of age and in apparently good physical and mental health. Both parties had completed high school, but neither had completed college. By agreement of the parties, appellee did not work outside the home from the spring of 1976 until 1992. In 1992, appellee wanted to work part-time outside the home to "get out of the house." Appellee accepted a part-time job from her neighbor that required her to do word processing in her home. At the time of the hearing, appellee worked as a part-time manager in a video store. In 1997, she earned total gross wages of $5,956.65 from this employment. Appellant was employed as a product manager for Detroit Diesel, earning a salary of $83,275.00 and was paid $400.00 per month as a car allowance. In 1997, appellant earned a bonus of $6,228 and in 1998, he earned a bonus of $2,618.00. Appellee presented the expert testimony of Charles Loomis. Loomis testified that appellee's mental and emotional state would present an obstacle to appellee's ability to engage in work and training. In relevant part, the Magistrate recommended spousal support in the amount of $2,300.00 per month, plus processing charge, for a period of forty-eight months, and, thereafter, in the amount $1,300.00 per month, until appellee is age 65. This spousal support obligation was to terminate upon the death of either party or upon appellee's remarriage or cohabitation. Further, due to the length of the spousal support award and the ages of the parties, the Magistrate recommended that the trial court retain continuing jurisdiction over this spousal support award to modify or terminate the award upon a material change in the circumstances of either party. On August 23, 1999, appellant filed timely Objections to the Magistrate's Decision, further filing a motion for leave to supplement the Objections once the transcript of the hearing before the magistrate was prepared and filed. Thereafter, on August 24, 1999, appellee filed a timely motion requesting that the trial court grant an extension of time for her to file an Objection to the Magistrate's Decision, including an additional request to supplement her Objections within fourteen days after the transcript was provided to her. On August 24, 1999, the trial court issued a Judgment Entry which granted appellant leave to file the transcript of the hearing and leave to supplement his Objections no later than twenty-one days from the date the Judgment Entry was filed, unless an extension of time was granted by the trial court upon motion filed prior to the expiration of the deadline. Based upon the filing date of the Judgment, the transcript and supplement of the Objections were to be filed no later than September 14, 1999. On August 27, 1999, the trial court issued a Judgment Entry granting appellee an extension of time to file her Objections and the transcript of the hearing. Appellee was given until no later than September 14, 1999, to file Objections and the transcript. On September 9, 1999, appellee moved for an additional extension of time to file the transcript and/or supplement appellee's previously filed Objections. On September 14, 1999, appellant filed a motion to extend the time to file formal Objections to the Magistrate's Decision and to file the transcript. On September 16, 1999, the trial court issued a Judgment Entry which ordered that appellant file his Objections on or before October 18, 1999. The transcript of the hearing was filed on September 23, 1999. On September 28, 1999, appellee filed a motion requesting an additional extension to file a supplement to her Objections. On September 29, 1999, a Magistrate issued an order granting appellee until October 18, 1999, to supplement her previously filed Objections to the Magistrate's Decision. Thereafter, on October 18, 1999, appellee filed supplemental Objections to the Magistrate's Decision. Likewise, on October 18, 1999, appellant filed Objections to the Magistrate's Decision regarding the amount and duration of spousal support. On November 16, 1999, the trial court issued a Judgment Entry in which the court found that the Magistrate's Decision contained no error of law or other defect on its face. The court thereby approved and adopted the Magistrate's Decision and entered it as the trial court's judgment. It is from the November 16, 1999, Judgment Entry of the trial court that appellant brings this appeal, raising the following assignments of error:
 I. IN MAKING THE AWARD OF SPOUSAL SUPPORT, THE TRIAL COURT AND THE MAGISTRATE FAILED TO CONSIDER THE FACTORS SET FORTH IN R.C. 3105.18(C)(1)(a) AND R.C. 3105.18(C)(1)(I). THUS, THE AWARD OF SPOUSAL SUPPORT WAS AN ABUSE OF DISCRETION.
 II. THE MAGISTRATE'S DECISION AWARDING SPOUSAL SUPPORT TO THE APPELLEE IN THE SUM OF $2,300 PER MONTH FOR FOUR YEARS, AND THEREAFTER IN THE AMOUNT OF $1,300.00 PER MONTH UNTIL APPELLEE IS AGE SIXTY-FIVE IS AN ABUSE OF DISCRETION.
Initially, we note that appellant failed to provide the trial court with a timely filed transcript of the proceedings before the Magistrate for the trial court's review of Appellant's Objections to the Magistrate's Decision. Any objection to a finding of fact must be supported by a transcript of all the evidence submitted to the Magistrate relevant to that fact or an affidavit of evidence if a transcript is not available. Civ.R. 53(E)(3)(b). It was the duty of the party presenting an Objection to timely provide a transcript of proceedings. Civ.R. 53(E)(3)(b). Absent a timely transcript or appropriate alternative, a trial court is limited to an examination of the Magistrate's conclusions of law and recommendations in light of the accompanying findings of fact unless the trial court elects to hold further hearings. Wade v. Wade (1996), 113 Ohio App.3d 414, 419. Likewise, our review is limited to a review of the trial court's actions in light of the facts as presented in the Magistrate's Decision. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728. Therefore, we are precluded from considering the transcript of the proceeding submitted with the appellate record. Id.; Civ.R. 53(E)(3)(b).
 I
In the first assignment of error, appellant argues that the trial court failed to consider the factors set forth in R.C. 3105.18(C)(1)(a) and R.C. 3105.18(C)(1)(I) in awarding spousal support. Appellant, in essence, argues that the trial court abused its discretion in making its findings as it did, based upon the evidence presented, as well as in the application of the factors and evidence in determining the award of spousal support. Specifically, appellant argues that the trial court abused its discretion when it found that appellant was not a trained market analyst and therefore discounted appellant's testimony that appellee could generate 28% income on the liquid assets awarded to her in the divorce. Appellant contends that investment income of 28% should have been considered in determining spousal support. Appellant also argues that the trial court abused its discretion in finding that each of the parties would probably apply some of his/her cash assets toward a down payment for a residence, and that neither party may have the ability to generate substantial investment income from his or her share of the liquid accounts. Appellant further argues that the trial court abused its discretion by ordering that appellant pay the spousal support ordered in the decree, when the appellee was being granted $250,000.00 in assets. We disagree with appellant's arguments. A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. A trial court abuses its discretion when, in addition to making an error of law or judgment, it acts with an unreasonable, arbitrary, or unconscionable attitude. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Ohio Revised Code sections 3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. R.C. 3105.18(C)(1) provides: In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors: (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171
of the Revised Code; . . . (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties. . . .
The Magistrate's Decision, adopted by the trial court, acknowledged that it "must consider all relevant factors, including those specifically listed in Section 3109.18 [sic — should be 3105.18] Ohio Rev. Code: . . . (recitation of factors omitted)". The Magistrate's Decision also found that "after carefully considering each of the statutory factors in light of the credible evidence presented, or the lack of it, . . . requiring Robert Lee Harvey to pay spousal support as set forth below is appropriate and reasonable. . . ." The Magistrate Decision expressly stated it had considered all the factors, including the factors of paragraphs (a) and (i) and made the following specific findings: (a) Nancy Lee Harvey can reasonably expect to earn gross wages of about $6,500 at the present time. Robert Lee Harvey can reasonably expect to earn gross wages, including a vehicle allowance, of at least $88,075. In addition, Robert Lee Harvey has earned bonuses over the last two years. Both parties can reasonably expect to generate some investment income that can be used to meet current living expenses from the property divided by the Court; however, the amount of this income is uncertain and depends in large part on whether the parties use some of their cash assets to purchase residences, a use the Magistrate expressly finds to be reasonable. . . .
(i) The Court's division of property will place the parties in parity with respect to a net property award. Neither party has any significant separate property. We find that the trial court did not abuse its discretion in discounting appellant's testimony regarding the potential for appellee's investment to earn 28%. The Magistrate made detailed findings as to why appellant's testimony on this matter was discounted. In part, those findings (which were adopted by the trial court) state: "However, Robert Lee Harvey's estimate is based upon the current remarkable performance of the stock and mutual fund market. The Court does not find Robert Lee Harvey's testimony sufficient to determine that such rate of return is sustainable over a long period of time. Robert Lee Harvey is not trained as a market analyst and the Court will not presume to predict the future performance of the stock market. . . . Other than Mr. Harvey's testimony, neither party presented evidence as to the income that they could reasonably generate from investment of the liquid funds to be divided between the parties. . . ."
It is the trial court's province to determine the credibility of the evidence before it, and we find the trial court's analysis above to be reasonable and not an abuse of discretion. Appellant also argues that there was no evidence presented to the trial court to indicate that either of the parties would use his/her cash assets toward the purchase of a residence. Appellant posits this as an abuse of discretion argument, but it appears to really be an argument that the finding of the trial court was against the manifest weight of the evidence. Since we cannot consider the transcript, any manifest weight arguments are moot. Appellant lastly argues, under this assignment of error, that the trial court abused its discretion in awarding the spousal support it did when appellee was receiving $250,000.00 in assets. However, we find no abuse of discretion in this regard. The trial court, in detail, considered all the factors under R.C. 3105.18 and considered that each party was getting a nearly equal portion of the marital assets. The amount of assets of the parties is only one factor under R.C. 3105.18. We have reviewed the findings in this case and find no abuse of discretion. The first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that the amount and duration of the spousal support awarded was an abuse of discretion. The trial court awarded spousal support in the amount of $2,300.00 per month for four years and $1,300.00 per month thereafter, until appellee reaches the age of 65. We find no abuse of discretion. The trial court correctly sets forth the law regarding the determination of the amount and duration of spousal support. As discussed in Assignment of Error I, the trial court delineated the factors to be used, as established by R.C. 3105.18. The trial court also acknowledged the Ohio Supreme Court's holding in Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, para. one of syllabus ("[e]xcept in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.") Among other factors, the trial court noted the substantial length of the marriage (27 years), that appellee had worked in the home as a mother and homemaker (with limited part-time work out of the home between 1976 and 1990) and that appellant could be expected to earn gross wages of at least $88,075.00 per year in comparison to the $6,500.00 wages appellee could be expected to earn at the time of the hearing. The trial court further indicated that each party would have some investment income, albeit uncertain to predict. The trial court also found that "[appellee] will maximize her earning ability if she pursues additional education or training. The evidence did not show precisely the length of time she [appellee] will require to complete this education or training; however, the evidence supports an inference that this time period should be limited to approximately four years, particularly where she's continuing to work park-time." Magistrate Decision at 18. Further, the trial court found that "although [appellee] cannot be diagnosed with clinical depression, her emotional and psychological state will pose an obstacle to her future vocational rehabilitation and her ability to obtain and maintain full-time employment." Id. at 17. In reviewing the facts as found by the Magistrate, and the applicable law, including Kunkle, supra, we find that the trial court did not abuse its discretion in determining the amount and duration of spousal support. Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
 ________________________ Edwards, J.
Farmer, P.J. and Wise, J., concurs