This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Medina County Child Support Enforcement Agency ("CSEA") has appealed from an order of the Medina County Court of Common Pleas, Juvenile Division, that sustained Appellee Michael McClain's objections to a magistrate's decision that set his monthly child support obligation at $365.72 per month. This Court reverses and remands.
 I
{¶ 2} As an initial matter, we note that Mr. McClain did not file an appellate brief. Therefore, this Court may accept CSEA's statement of the facts and issues as correct. See App.R. 18(C).
{¶ 3} In May 2001, CSEA issued an administrative child support order requiring Mr. McClain to pay a monthly sum of $409.97 to Heather Taylor for the maintenance and support of Mr. McClain's and Ms. Taylor's child. In June 2001, Mr. McClain filed an objection to the administrative order, and the trial court scheduled the matter for a hearing before a magistrate on October 4, 2001. In January 2002, the magistrate issued a decision in which she found that Mr. McClain voluntarily left his employment to attend college, and thus "his income for purposes of calculating child support is his potential income as determined from his prior employment experience." Based on an extrapolation of Mr. McClain's income during the first six months of 2001, the magistrate set Mr. McClain's support obligation at $365.72 per month.
{¶ 4} In February 2002, Mr. McClain filed objections to the magistrate's decision. The trial court issued a journal entry stating that Mr. McClain's objections would be ruled upon without an oral hearing, and ordered all parties to submit briefs in support of their respective positions by March 4, 2002. The trial court also filed a separate journal entry stating that "[a]n issue of fact is wholly or partly the basis for [Mr. McClain's] objection[s]," and ordered Mr. McClain to file a transcript or affidavit of the evidence presented at the October 4, 2001 hearing before the magistrate.
{¶ 5} Mr. McClain failed to file either a brief in support of his objections or a transcript or affidavit of the evidence presented at the hearing before the magistrate. Nevertheless, the trial court entered an order granting in part Mr. McClain's objections. The trial court concluded, based on its review of Mr. McClain's paycheck stub from March 17, 2001, that Mr. McClain's income "should be extrapolated at $12,678.00 in that [Mr. McClain] was earning approximately $243.00 per week for a period of 11 weeks in 2001." Accordingly, the trial court recalculated Mr. McClain's support obligation and ordered him to pay to Ms. Taylor the reduced sum of $262.91 per month. CSEA has timely appealed from the trial court's order, asserting two assignments of error.
 II Assignment of Error Number One
{¶ 6} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF [CSEA] WHEN IT FAILED TO AFFIRM AND ADOPT THE DECISION OF THE MAGISTRATE IN THE ABSENCE OF A TRANSCRIPT OR AN AFFIDAVIT BY [MR. McCLAIN] OF THE EVIDENCE SUBMITTED TO SAID MAGISTRATE."
{¶ 7} In its first assignment of error, CSEA has argued that the trial court erred in failing to adopt the decision of the magistrate and order Mr. McClain to pay child support in the amount of $365.72. CSEA has contended that the trial court's recalculation of Mr. McClain's support obligation using an extrapolated income different from the one used by the magistrate, in the absence of a transcript or affidavit of the evidence presented at the October 4, 2001 hearing, constitutes prejudicial error.
{¶ 8} "It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
{¶ 9} Civ.R. 53(E)(3)(b) provides, in part: "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." In Wade v. Wade (1996),113 Ohio App.3d 414, the court of appeals reversed a trial court's decision that sustained an objection to a magistrate's decision denying a motion to modify a child support obligation due to changed circumstances. Id. at 419. In so holding, the court stated: "[T]he trial court abused its discretion when it considered appellee's factual objections when the transcripts submitted as part of those objections clearly were not in compliance with Civ.R. 53(E)." Id. Likewise, inReichman v. Reichman, 5th Dist. No. 2001 AP 03 0018, 2001-Ohio-1555, the appellate court concluded that "the trial court abused its discretion when, in considering appellee's Objections, it addressed factual issues despite the lack of a transcript and changed the award of the tax exemptions from appellant to appellee." Id. at 8.
{¶ 10} The basis of Mr. McClain's objection to the magistrate's decision was the finding that he was voluntarily unemployed and the extrapolation of his prior income to arrive at a potential income imputable for purposes of calculating his support obligation — clearly factual determinations. Rock v. Cabral (1993), 67 Ohio St.3d 108,112. Accordingly, the trial court's action in sustaining Mr. McClain's objection and recalculating his monthly support obligation in the absence of a transcript of proceedings or an affidavit of the evidence presented at the hearing before the magistrate constitutes an abuse of discretion. CSEA's first assignment of error is well taken.
 Assignment of Error Number Two
{¶ 11} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF [CSEA] WHEN IT FAILED TO IMPUTE FULL TIME EMPLOYMENT INCOME TO [MR. McCLAIN] WHEN [MR. McCLAIN] WAS FOUND TO BE VOLUNTARILY UNDEREMPLOYED OR VOLUNTARILY UNEMPLOYED."
{¶ 12} CSEA's second assignment of error contests the trial court's calculation of Mr. McClain's potential income for purposes of determining his child support obligation. As we must reverse and remand the trial court's order establishing Mr. McClain's child support obligation based upon our disposition of CSEA's first assignment of error, we need not address the merits of the second assignment of error. See App.R. 12(A)(1)(c).
 III
{¶ 13} CSEA's first assignment of error is sustained; we decline to address the merits of the second assignment of error. The judgment of the trial court is reversed, and the cause remanded for further proceedings consistent with this decision.
SLABY, P.J. and BATCHELDER, J. CONCUR.