**WADE, Appellant,**

**v.**

**WADE, Appellee.**

[Cite as *Wade v. Wade* (1996), 113 Ohio App.3d 414.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–189.

Decided Aug. 12, 1996.

*Brooke F. Kocab,* for appellant.

*Frost & Seman* and *Merrie Frost,* for appellee.

FORD, Presiding Judge.

This is an appeal from the Lake County Court of Common Pleas, Domestic Relations Division. Appellant, Sharon E. Wade, appeals from a judgment that granted appellee, James A. Wade's motion to modify child support.

Appellant and appellee were married on August 13, 1977, and were granted a divorce on February 10, 1988. One child, Christina, was born during the marriage on September 1, 1981. Additionally, appellee adopted appellant's child, Carrie, who was emancipated at the time of the pertinent proceedings in this matter. On September 30, 1993, the trial court modified the original decree and ordered appellee to pay $500 monthly in child support for his daughter, as well as $66.33 monthly towards his arrearages.

On August 12, 1994, appellee filed a motion with the trial court to modify his child support obligation due to changed circumstances, namely, that he was earning significantly less money than he had previously made. The Lake County Child Support Enforcement Agency filed a motion to show cause for failure to pay child support against appellee on August 19, 1994.

It appears from the record in this case that appellee was terminated in August 1993 from his job with Metal Improvements Company, where he had served as a division manager. Appellee claimed that he had sought work, but was unsuccessful in his efforts. In February 1994, appellee started his own company, and currently is self-employed as a consultant in his area of expertise. His income while self-employed, after business expenses, was reported to be approximately $1,000 monthly.

Following protracted discovery, the matter was heard before a referee on February 23, 1995, March 16, 1995, and April 27, 1995. Also under consideration were three motions filed by appellant for attorney fees.

The referee issued her findings of fact and recommendations on June 28, 1995, overruling both appellee's motion to modify due to changed circumstances and appellant's motion for attorney fees for failure of proof, while also finding appellee in contempt for failure to pay his child support obligation.

Appellant filed a single objection to the report on July 12, 1995, claiming that the referee erred by not granting her three motions for attorney fees. Appellee then filed his twenty-eight objections on July 14, 1995. A hearing on these motions was held before the trial court on August 14, 1995. On November 16, 1995, the trial court issued its eighteen-page judgment entry overruling all of the

objections, with the exception of those by appellee regarding his motion to modify. Appellant now timely appeals, raising the following as error:

"1. The trial court erred in granting appellee's motion to modify his child support obligation because the appellee was voluntarily underemployed and did not present evidence sufficient to meet his burden of proving a significant change of circumstances.

"2. The trial court erred in *sua sponte* ordering that the parties' obligations to provide health insurance be modified.

"3. The trial court erred in failing to reopen the hearing to hear evidence going to appellant's motions for attorney fees."

In appellant's first assignment of error, she contends that the trial court erred when it granted appellee's objection concerning the modification of his child support obligation. For the following reasons, this contention has merit.

As the trial court stated in its judgment entry:

" * * * It should be noted [that] the transcripts contain only the direct testimony of [five witnesses] (and none of the cross on these witnesses) and the cross examination of [appellant] by [appellee's] counsel.

" * * *

" * * * In reviewing the excerpts of the proceedings that were filed in the form of transcripts, the court has been able to conclude the facts presented in the transcripts were accurately reflected in the Referee's Report. The court can further conclude, therefore, that the additional facts which appear in the Referee's report which are not found in the three excerpts of the transcripts, were likewise presented during trial through testimony or exhibits as oppose[d] to facts which either side attempted to present in their closing argument. * * *

" * * *

" * * * The burden of showing voluntary underemployment rests with the movant/[appellant]. It does not appear she carried that burden of proof based upon the Referee's Findings of Fact."

In this case, appellee filed three partial transcripts with his objections to the referee's report. Appellant did not submit any transcript in support of her objection or provide a full transcript of any of the proceedings that were omitted by appellee for the court's attention. Appellant now states that the trial court

committed reversible error when it considered transcripts that violated Civ.R. 53(E)(6).[1] Civ.R. 53(E)(6) states, in part:

"The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of *all relevant portions* of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available." (Emphasis added.) See, also, amended Civ.R. 53(E)(3)(b).

Appellant contends that appellee's failure to include a complete transcript precluded the trial court from deciding this case differently than the referee had. This view is partially correct.

First, appellant is correct that even a cursory review of the partial transcripts, the only transcripts properly submitted in this matter, clearly reveals that appellee did not submit the relevant portions to allow the trial court to conduct a review of his objections. This failure was duly noted by the trial court, but was not addressed appropriately. Where the failure to provide the relevant portions of the transcript or suitable alternative is *clear* on the face of the submissions, the trial court cannot then address the merits of that factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection. It was appellee's duty to provide *all* of the relevant materials needed for the trial court to properly address his objections. It is disingenuous for a party to submit only those portions of the evidence presented that supports his position, while omitting all evidence that was contrary to his position.

We are aware that the trial court is required to undertake an *independent* analysis to determine whether the referee's recommendations should be adopted pursuant to Civ.R. 53, regardless of whether any party filed any objections or related transcripts. However, absent a transcript or appropriate affidavit as provided in the rule, a trial court is limited to an examination of the referee's conclusions of law and recommendations, in light of the accompanying findings of fact only unless the trial court elects to hold further hearings.

Thus, the fact that appellee filed incomplete transcripts would have been irrelevant in this matter had the trial court critically examined the referee's

---

1. We are aware of the amendment to Civ.R. 53, changing the referee's title to "magistrate"; however, as the report filed in this case predated the effective date of this amendment, she remained a "referee" for the pendency of this action.

findings of fact in an independent review, and reached a different conclusion than the referee. "Regardless of whether a transcript has been filed, the trial judge always has the authority to determine if the referee's findings of fact are sufficient to support the conclusions of law drawn therefrom [and] come to a different legal conclusion *if* that conclusion is supported by the referee's findings of fact." (Emphasis *sic.*) *Hearn v. Broadwater* (Aug. 4, 1995), 105 Ohio App.3d 586, 588, 664 N.E.2d 971, 972.

However, in this case, the trial court did not limit itself to an independent examination of the referee's report while reaching a different legal conclusion. Rather, the trial court addressed appellee's factual objections, which were supported by obviously deficient and inadequate partial transcripts.

■ The decision to adopt, reject or modify a referee's report will not be reversed on appeal unless the decision was an abuse of discretion, which has been defined as " ' * * * more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " (Citations omitted.) *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

The trial court's action of addressing appellee's objections when he submitted obviously inadequate materials pursuant to Civ.R. 53(E) was simply unreasonable. Accordingly, we hold that the trial court abused its discretion when it considered appellee's factual objections when the transcripts submitted as part of those objections clearly were not in compliance with Civ.R. 53(E). As noted previously, the trial court is free on remand to conduct its own analysis of the referee's report and reach its own legal conclusions as to whether appellee's motion to modify should be granted, or proceed under the other alternatives available under the rule; but addressing appellee's factual objections given the obviously inadequate nature of the transcripts was error. Appellant's first assignment of error is with merit.

Although rendered moot by the disposition of the first assignment, appellant's second assignment of error, where it is alleged that the trial court erred when it altered the decree in relation to the obligation to provide health insurance for the parties' child and for the payment of uncompensated medical costs, will be addressed. This contention is without merit.

■ Appellee filed a motion to modify his child support obligation due to significantly changed circumstances in his earnings. Appellant apparently believes that the child support obligation is separate and distinct from the order to

provide health insurance, and the trial court could not modify the health insurance provisions without being specifically being asked to do so by the parties. However, R.C. 3113.217(C) requires the court "[i]n any action or proceeding in which a child support order is issued or modified" to include appropriate orders regarding health insurance for the children. In this case, once the trial court determined that appellee's child support obligation should be modified due to his change in employment circumstances, the health insurance portion of the child support order also was subject to modification. Appellant also has not provided any references to authority that supports her position in violation of App.R. 16(A)(7), and this court has also not located any authorities that would compel such a result. Appellant's second assignment of error is without merit.

In appellant's third assignment of error, she contends that the trial court erred when it did not allow for a reopening of the hearing to ensure that sufficient evidence was presented regarding her three motions for attorney fees. This assignment of error essentially takes issue with the trial court decision to overrule her single objection to the referee's report.

The referee's finding regarding this issue, stated:

"As no evidence was presented by either party as to fees presented and services performed in accordance with the dictates of [DR 2–106] and *Swanson [v.] Swanson* [ (1976), 48 Ohio App.2d 85, 2 O.O.3d 65, 355 N.E.2d 894], there is no basis upon which this Referee can grant fees to either part[y]. * * * The plaintiff's [b]riefs and defendant's [b]riefs filed after the conclusion of the trial * * * were merely intended to act as closing statements of the parties regarding argument and not intended to act as evidence. * * * It is this Referee's job to determine the facts proved by the evidence and [issue] a report regarding same. Argument of counsel remains only that."

However, appellant did not include a transcript of the pertinent portions of the proceedings that would demonstrate that she was denied a reasonable opportunity to present live testimony to sustain her burden. It was appellant's obligation to provide a transcript to the trial court that demonstrated that appellant did present evidence regarding fees or that an objection or request regarding the opportunity to present evidence showing the level of fees incurred in this matter was made.

As this court stated in *In re Rhoads* (Feb. 4, 1994), Geauga App. No. 93–G–1763, unreported, at 6, 1994 WL 45257:

"In interpreting the requirements of the latter rules, we have consistently held that when the objecting party fails to attach a transcript or affidavit to the objections, a trial court can adopt the referee's findings without further consideration. See, *e.g., Hilo Farm Water Co. v. Raffert* (Sept. 30, 1993), Lake App. No. 93–L–045, unreported [1993 WL 407226]; *Unger v. Reams* (Aug. 6, 1993), Lake App. No. 92–L–116, unreported [1993 WL 317448]. We have also held that under such circumstances, the objecting party cannot challenge the merits of the factual findings on appeal. *Id.*

"*While the record in the instant case contains a transcript of the evidentiary hearing before the referee, this transcript was not filed until* [after the objections were ruled upon]; *thus, it would not have been before the trial court. Since the transcript was not before the trial court, it cannot be considered on appeal. Unger;* Mothes v. Mothes (Aug. 2, 1991), Lake App. No. 90–L–15–094, unreported [1991 WL 147412]." (Emphasis added.)

As appellant failed to ensure the inclusion of a transcript when she filed her objection to the referee's report, the trial court did not err when it adopted the referee's finding that because no evidence was presented regarding fees, those motions would be overruled for failure of proof. Further, the full transcript in the record is not properly before this court as it was not presented to the trial court below, and cannot be utilized by this court to review this alleged error. Appellant's third assignment of error is without merit.

For the foregoing reasons, appellant's first assignment of error is with merit, and her second and third assignments of error are without merit. The decision of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.

*Judgment accordingly.*

CHRISTLEY and EDWARD J. MAHONEY, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.