OPINION
Appellant Michael Townsend ("appellant") appeals from the trial court's adoption of the magistrate's decision finding that appellant owed an amount of child support to Violet Townsend and the Department of Human Services.
Appellant assigns the following error for review:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT CONFIRMED, APPROVED AND ADOPTED THE DECISION OF THE MAGISTRATE AND OVERRULED THE RESPONDENT-APPELLANT'S OBJECTIONS.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
Appellant and Violet Townsend married on July 19, 1980. Their daughter, Violet, was born on January 3, 1982. The couple later divorced, with Violet Townsend receiving custody of the minor child. Appellant was subject to an order of child support.
On September 17, 1997, appellant filed a motion to modify custody and for child support. Appellant averred that daughter Violet had been living with him since May of 1997. Violet Townsend filed a motion for immediate possession of her daughter and a motion to show cause. The matter was heard before a magistrate. The magistrate's decision found that the child had been living with appellant since June 20, 1997. Based upon evidence submitted by the Cuyahoga Support Enforcement Agency, the magistrate also found that appellant owed an arrearage of ten thousand five hundred eighty-two dollars and fourteen cents ($10,582.14) to his former wife. An arrearage of five thousand six hundred sixty-three dollars and forty-four cents ($5,663.44) was owed to the Cuyahoga County Department of Human Services. This evidence is not in the record. The magistrate recommended that appellant's motion to modify support be granted and referred the motion to modify custody to mediation.
Appellant filed two objections to the magistrate's decision. Appellant complained that the magistrate failed to consider that his tax refunds for 1987 through 1994 were applied to his child support arrearage. Appellant also stated that the magistrate did not deduct from the arrearage the child support payments he made since the child began living with him. In support of his objections, appellant attached copies of tax intercepts which apparently showed that appellant's refund had been applied to partially satisfy his child support obligation. The trial court overruled appellant's objections and confirmed, approved, and adopted the magistrate's decision.
 II.
In his assignment of error, appellant contends the trial court erred by confirming, approving, and adopting the decision of the magistrate. Appellant argues that the court file contained no information showing how the magistrate determined the amount of appellant's child support arrearage. Because no evidence pertaining to the magistrate's calculation of the amount of back child support was in the court file, appellant asserts the trial court merely "rubber-stamped" the decision of the magistrate without conducting an independent review.
Juv.R. 40(E)(3)(b) provides:
 Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Juv.R. 40(E)(3)(b) parallels the language found in Civ.R. 53(E)(3)(b). The objecting party's failure to provide the trial court with either the relevant portions of the transcript or an affidavit about the evidence considered by the magistrate precludes the trial court from arriving at a different factual determination than that made by the magistrate. The duty to provide relevant portions of the transcript or a suitable alternative rests with the party objecting to a factual finding. Wade v. Wade (1996),113 Ohio App.3d 414. If the objecting party fails to support his or her objections properly under the rule, the trial court is free to adopt the magistrate's findings of fact and conclusions of law as long as no error of law or other defect is apparent on the face of the magistrate's decision. See Juv.R. 40(E)(4)(a) and (b). The failure to provide a transcript or affidavit to the trial court is fatal to any alleged error of fact upon appeal. In the matter of:Layla Pollis (May 8, 1998), Trumbull App. No. 97-T-0066, unreported.
Appellant raised factual objections below. Appellant did not support his objections to the magistrate's decision with either a transcript of the proceedings or an affidavit of the evidence. This was appellant's burden and not that of his former wife as appellant asserts. Appellant's objections were not properly filed under Juv.R. 40(E)(3)(b). As a result, appellant has waived his right to appeal the factual findings of the magistrate. See In reFanizzi (Oct. 30, 1996), Summit App. No. 17706, unreported.
The trial court did not abuse its discretion by adopting the decision of the magistrate.
Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Juvenile Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J.,
LEO M. SPELLACY, J.,
ANNE L. KILBANE, J.