[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Martin White appeals from the trial court's judgment overruling a magistrate's decision that had declared that a 1996 Agreed Judgment Entry entered into by plaintiff-appellee Joan White and Martin had not gone into effect. (Because the parties have the same surname, we refer to them by their first names.) For the following reasons, we reverse and enter judgment in favor of Martin.
Joan and Martin were granted a divorce in 1991, following a forty-year marriage. Martin was ordered to pay alimony on a monthly basis to Joan. In July 1996, the parties entered into an agreement that provided that the alimony obligation would be reduced to $375 per month, plus $125 per month for outstanding arrearages. A penalty provision was included in the agreement, which provided that "if Martin fails to pay to [Joan] the sums as indicated above, in any given month, then the total monthly payment shall automatically become $540 per month plus the arrearage."
In February 2001, Joan filed a motion to correct the amount of arrearages due to her. A domestic relations magistrate conducted three separate hearings on this matter. One of the issues during the hearings was whether Martin had timely made his December 1999 alimony payment. The magistrate concluded that he had made the payment in a timely manner and, thus, that the penalty provision of the 1996 agreed entry was not in effect. Joan filed objections to the magistrate's decision, but did not provide the trial court with a copy of the transcript of the hearings. The trial court, after reviewing the magistrate's written findings of fact and conclusions of law and conducting a hearing on the objections, overruled the magistrate's decision and determined that the penalty provision of the 1996 agreed judgment entry was in effect. Martin now asserts that the trial court's judgment was contrary to law.
In his single assignment of error, Martin argues that the trial court erred in sustaining Joan's objections to the magistrate's decision, as Joan had not attached portions of the transcript relevant to her objections in violation of Civ.R. 53(E)(3)(b) and Local Rule 8.1 of the Hamilton County Court of Common Pleas, Domestic Relations Division. We agree.
Civ.R. 53(E)(3)(b) provides in part that "any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Local Rule 8.1 also requires that a party objecting to a factual finding by a magistrate submit "a typed transcript of all evidence relevant to such Finding." We note that Joan did not submit a transcript or affidavit with her objections to the trial court. Joan argues that she was not required to do so because she was not objecting to any finding of fact, but to the magistrate's use of those facts to conclude in law that the penalty provision of the 1996 agreed entry had not been triggered.
From our review of the record, we conclude that Joan's objections were to specific facts contained in, or absent from, the magistrate's decision. In Joan's objections, she argued that Martin did not tender his December 1999 alimony payment in a timely manner and that the Hamilton County Child Support Enforcement Agency ("CSEA") "cashe[d] all checks received within 24 hours of the date received." The magistrate's decision did not state there was any evidence that the CSEA cashed all checks within 24 hours, but rather that there was a check by Martin made payable to the CSEA dated December 6, 1999, and that the CSEA did not credit that check to Martin's account until February 2000. The trial court also specifically found that "Martin White did tender his payment for December of 1999 in a timely manner to CESA." While this fact was not listed under the heading of "Findings of Fact," but instead under the heading "Conclusions of Law and Discussion," we believe that it was still a necessary finding of fact made by the magistrate and, thus, that it was included in the discussion of whether it would be unjust to apply the penalty provision of the 1996 Agreed Entry.
Based on the foregoing, Joan's failure to attach a transcript or affidavit of the evidence relevant to her objection that Martin had not timely made his December 1999 payment precluded the trial court from addressing the merits of that factual objection, because the trial court did not have the necessary materials for review.[1] Under these circumstances, the trial court was limited to reviewing the magistrate's conclusions of law or recommendations in light of the accompanying findings of fact.[2] As the facts clearly stated that Martin had tendered his December 1999 alimony payment in a timely manner, we hold that the trial court's judgment applying the penalty provision was contrary to law.
Furthermore, the trial court's act of addressing Joan's objections in the absence of a transcript or affidavit was unreasonable, and thus we hold that the trial court abused its discretion in modifying the magistrate's report.[3] The first assignment of error is sustained.
Therefore, the judgment of the trial court is reversed, and this cause is remanded with instructions to enter judgment in favor of Martin White holding that the penalty provision of the 1996 agreed entry was not in effect.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.
[1] See Wade v. Wade (1996), 113 Ohio App.3d 414, 418, 680 N.E.2d 1305,1307.
[2] See id.
[3] See Reichman v. Reichman (Oct. 5, 2001), Tuscarawas App. No. 2001-AP-03-0018, unreported (appellate review of a trial court's decision to adopt, reject or modify a magistrate's report proceeds under an abuse-of-discretion standard.)