DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Linda M. Way (formerly "Weitzel") has appealed from a decision of the Summit County Court of Common Pleas, Domestic Relations Division that modified the child support order in favor of Plaintiff-Appellee Curt R. Weitzel. This Court reverses and remands.
 I {¶ 2} Appellant Linda M. Way ("Mother") and Appellee Curt R. Weitzel ("Father") were married in Canton, Ohio, on September 27, 1990. Two children were born as issue of the marriage, to wit: Samantha and Mason. Father filed for divorce on November 12, 1997. The divorce was granted on August 17, 1998, and Father was designated as residential parent of the two children. The trial court adopted the terms of the Shared Parenting Plan, which was incorporated into the judgment entry of divorce. Mother was ordered to pay child support to Father in the amount of $713.82 per month, plus poundage; the trial court retained continuing jurisdiction to modify support. Neither party was ordered to pay spousal support. Mother was awarded the right to claim the minor child, Mason, as a dependent for income tax purposes and Father was awarded the right to claim the minor child, Samantha, as a dependent.
 {¶ 3} The Shared Parenting Plan was later modified on October 22, 1999. The principal place of residence for the minor children changed from Father's home to Mother's home. Mother's child support obligation to Father was terminated. Father agreed to pay child support to Mother in the amount of $175.00 per month, per child, plus a 2% processing fee.
 {¶ 4} On July 15, 2002, the Child Support Enforcement Agency ("CSEA") filed a motion recommending modification of child support. CSEA recommended that the Father's child support obligation increase to $202.86 per month, per child, plus 2% processing fee, for a total of $413.84 per month. CSEA's recommendation was based on CSEA's finding that Father had an annual gross income of $19,000 per year and Mother had an annual gross income of $10,712 per year. CSEA also recommended that Father pay 63.95% of the children's uninsured healthcare coverage and that Mother pay 36.05% of that cost.
 {¶ 5} Father filed a motion to review CSEA's findings regarding its recommendation for modified child support. On September 18, 2002, the magistrate amended CSEA's child support recommendation and decreased Father's child support obligation from $413.84 per month to $310.02 per month, which included a 2% processing fee. The magistrate found that Father earned $19,000 per year and that he paid: $1,848 for health insurance per year, $5,214 for the child support of another child in an unrelated case, and $1,001 for daycare per year. The magistrate further found that Mother was underemployed, and a minimum wage income was imputed to her. The magistrate ordered Father to pay 56% of the children's uninsured healthcare costs.
 {¶ 6} On October 1, 2002, Father filed objections to the magistrate's September 18, 2002, decision. Father argued that the magistrate erred in calculating the amount of child support he should be required to pay to Mother. Father maintained that "the support ordered of $310.02 should actually be the sum of $236.09 per month[.]" Mother filed objections to both Father's objections and the magistrate's decision. Mother argued that the magistrate did not err when it calculated the amount of child support Father was obligated to pay per month. She also requested that the magistrate order Father to pay child support in the amount equal to the child support he was ordered to pay for an illegitimate child in an unrelated case.
 {¶ 7} On October 30, 2002, the trial court issued an order regarding the parties' objections. However, instead of ruling on the objections, the trial court remanded the matter for another hearing to develop the record because "[t]he Court Reporter recently informed the Court that there is no tape recording of the September 9, 2002 hearing [for which the magistrate based his September 18, 2002 decision] and, thus, the transcript cannot be made available for review. Because the Court cannot review the objections without a transcript, the Court remands this matter to the Magistrate for another hearing on this matter." The matter was remanded to the magistrate and on December 20, 2002, the magistrate found that Father had two jobs. He was employed with First Merit Bank and Papa John's Pizza, which increased his gross annual income from $19,000 per year to $30,696 per year. The magistrate found that Mother was employed at Laidlaw as a bus driver and that her gross annual income was $13,900 per year. The magistrate ordered Father to pay child support in the amount of 499.66 per month, which included a 2% processing fee. Father was also responsible for 48% of the children's uninsured healthcare expenses.
 {¶ 8} On December 30, 2002, Father filed objections to the magistrate's December 20, 2002 decision. Father argued that the trial court erred in determining Mother's childcare costs and her gross annual income. Father further argued that the magistrate erred in calculating his child support obligation. Father maintained that the trial court should not have based his child support obligation on an eighty hour work week because he only increased his hours in an effort to pay back child support. Father maintained that as a result of a herniated disc, which required medical care, he missed four months of work and was $3,000 in arrears for child support. In order to satisfy his arrearages and earn more money to pay for his children's Christmas gifts, Father spent extra hours at his second job, Papa John's Pizza. Father requested that the trial court use his average income of $19,000, which reflected a forty hour work week, rather than an average income of $30,696, which reflected an eighty hour work week. Father also requested the court to modify his visitation schedule.
 {¶ 9} On January 10, 2003, the trial court ordered Father to comply with the local rules for proper objections. Father was ordered to either file a transcript or affidavit to support his December 30, 2002, objections. Father never complied with the order.
 {¶ 10} Father filed a motion for contempt on January 22, 2003. Father argued that Mother willfully interfered with his visitation rights. On the same day, Father filed a supplemental to his objections. He notified the court that he was terminated from his job with First Merit Bank, and that although his earnings were reduced to $12,480 per year, he was willing to have $19,000 imputed to him for the purposes of calculating child support.
 {¶ 11} The trial court issued an order scheduling a hearing to review Father's December 30, 2002 objections. The order further stated that: "As no transcript of the December 10, 2002 hearing [for which the magistrate based his December 20, 2002, decision] is available, each party shall be prepared to submit documents relevant to pending issues[.]" Mother filed a motion to cancel the hearing, or in the alternative, continue the hearing date. In her motion, Mother argued that because a recording from the December 10, 2002, hearing was available the oral hearing should be cancelled. Father filed a response to Mother's objections. The magistrate overruled Mother's motion to cancel the oral hearing, but the hearing was rescheduled.
 {¶ 12} On April 9, 2003, the trial court ruled on Father's objections. The trial court found that Father lost his job with First Merit Bank, but remained employed with Papa John's Pizza. Father was imputed to have a gross annual income of $19,000. The trial court denied the remainder of Father's objections. The magistrate found that Mother's daycare expense was $2,208 per year and her after-the-tax credit was $971.52. Mother was entitled to an earned income credit of $4,168. The magistrate further found that if Father assumed both child tax credits, there would be a net tax savings of $680. As a result, Father was awarded the right to claim the two children as dependents for income tax purposes. Father was ordered to pay child support in the amount of $260.46 per month, plus 2% processing fee, for a total of $265.67 per month. The trial court further ordered Mother to pay the children's out-of-pocket healthcare costs up to $100 per calendar year per child and Father was ordered to pay 38% of the costs exceeding that amount.
 {¶ 13} After the magistrate issued its decision, Father filed a "supplemental contempt motion," wherein he argued that there was an additional act of contempt for the Court's review. Father maintained that Mother lied during the oral hearing held on March 28, 2003. "At said hearing [Mother] stated that [Father] was provided equal access to the minor child Mason's daycare at Shepherd's Fold. As the Court can see from the attached permission slip signed and dated by the Shepherd's Fold Administrator, this access has not been provided in accordance with the terms of the Shared Parenting Agreement dated 22 October 1999." Father further maintained that "[b]y not placing [him] on the pickup permission slip [Mother] is in violation of a court order." Father also requested that the magistrate appoint a guardian ad litem.
 {¶ 14} Mother responded by filing a contempt motion, wherein she requested that the magistrate order Father to show cause why he was not in contempt for failure to provide health insurance for the minor children. Before the trial court could rule on the parties' contempt motions, Mother filed a timely appeal with this Court, asserting six assignments of error.
 II Assignment of Error Number One
"The trial court erred as a matter of law and abused its discretion when it failed to order [father] to provide a transcript of the hearing or an affidavit of evidence provided to the Magistrate and when it failed to affirm and adopt the decision of the Magistrate in the absence of a transcript or an affidavit."
 {¶ 15} In Mother's first assignment of error, she has argued that the trial court abused its discretion when, in the absence of a transcript for a hearing held before the magistrate on December 10, 2002, it scheduled another oral hearing to develop the record instead of adopting or affirming the magistrate's December 20, 2002, decision pursuant to Civ.R. 53. This Court agrees.
 {¶ 16} Civ.R. 53(E)(3)(b) provides, in pertinent part:
"Any objection to a finding of fact shall be supported by a transcript of all evidence submitted to the magistrate relevant to the fact or an affidavit of that evidence if a transcript is not available."
 {¶ 17} Pursuant to Civ.R.53(E)(3)(b), an objecting party must provide a transcript or affidavit to support his objections to a magistrate's finding of fact. The duty to provide a transcript to the trial court rests with the person objecting to the magistrate's decision. Walther v. Newsome, 11th Dist. No. 2002-P-0019, 2003-Ohio-4723, at ¶ 20. However, if transcripts are unavailable, Civ.R. 53(E)(3)(b) allows the objecting party to support his objections with an affidavit when: (1) the party demonstrates that a transcript is not available; and (2) the affidavit describes all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant. Galewood v. Terry Lumber Supply Co. (Mar. 6, 2002), 9th Dist. No. 20770, at 2-3, citing Csongei v. Csongei (July 30, 1997), 9th Dist. No. 18143, at 3-5.
 {¶ 18} When ruling on an objecting party's objections, with or without a transcript or affidavit, Civ.R.53(E)(4)(b) further provides the trial court with several wasy to dispose of objections. Pursuant to Civ.R.53(E)(4)(b), "[t]he court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." However, when an objecting party fails to provide a transcript of the proceedings or an affidavit to support his objections, "a trial court is limited to an examination of the [magistrate's] conclusions of law and recommendations, in light of the accompanying findings of fact onlyunless the trial court elects to hold further hearings." (Alterations added; emphasis added.) Wade v. Wade (1996), 113 Ohio App.3d 414, 418; see, also, Galewood, supra, at 3 (holding that the trial court is required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts). Furthermore, "[r]egardless of whether a transcript has been filed, the trial judge always has the authority to determine if the [magistrate's] findings of fact are sufficient to support the conclusions of law drawn therefrom [and] come to a different legal conclusion if that conclusion is supported by the [magistrate's] findings of fact." (Alterations added; emphasis sic.)Wade, 113 Ohio App.3d at 418, quoting Hearn v. Broadwater (1994),105 Ohio App.3d 586.
 {¶ 19} When the objecting party fails to provide a transcript or affidavit "to the trial court in support of objections to a magistrate's decision, [an appellate court] is limited to determining whether or not the trial court abused its discretion in adopting [or modifying] the magistrate's decision." (Alterations added.) Walther, 2003-Ohio-4723, at ¶ 20, quoting Ackroyd v. Ackroyd (June 30, 2000), 11th Dist. No. 99-L-018. An abuse of discretion is more than an error of judgment, but instead connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 20} In the case sub judice, Father filed objections to the magistrate's December 20, 2002 decision, but he failed to present the trial court with a transcript of the hearing or an affidavit of the evidence to support his objections. Although there was no transcript or affidavit to support Father's objections, the trial court had the continuing authority to examine the magistrate's conclusions of law or even hold a hearing to accept additional evidence. Wade,113 Ohio App.3d at 418. Here, the trial court chose to hold an oral hearing and hear additional evidence before ruling on Father's objections. As it was within the trial court's discretion to hold an oral hearing even in the absence of Civ.R.53(E)(3)(b) evidence to support Father's objections, we cannot hold that the trial court abused its discretion when it overruled Mother's motion to cancel the oral hearing.
 {¶ 21} This Court finds however, that the trial court abused its discretion when it sustained, in part, Father's factual objections in the absence of a transcript or affidavit. In the absence of proper Civ.R.53(E)(3)(b) evidence, the trial court was limited to reviewing the magistrate's conclusions of law. See Wade, 113 Ohio App.3d at 418;Galewood, supra, at 3; McClain v. Taylor, 9th Dist. No. 02CA0027-M, 2003-Ohio-248, at ¶ 9-10. "Where the failure to provide the relevant portions of the transcript or suitable alternative is clear on the face of the submissions, the trial court cannot then address the merits of the factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection."[1] Wade, 113 Ohio App.3d at 418.
 {¶ 22} In McClain, this Court held that the trial court abused its discretion when it sustained the objecting party's objections in the absence of a transcript. This Court found that the basis of the objecting party's objections was the magistrate's finding that the objecting party was unemployed. Id. at ¶ 10. Because the objecting party's arguments were based on factual determinations, he was required to either submit a transcript or an affidavit of the evidence presented at the hearing to support those objections. Id., at ¶ 9. Here, as in McClain, the crux of Father's objections was aimed at the magistrate's factual determinations. In his objections, Father argued that the trial court erred in finding that he worked eighty hours a week; the trial court calculated Father's child support obligation based upon a gross annual income reflecting an eighty-hour work week. Such an argument is clearly directed at the magistrate's factual determinations. It was therefore unreasonable for the trial court to review these factual findings without proper Civ.R.53(E)(3)(b) evidence.
 {¶ 23} Moreover, this Court finds that it was unreasonable for the trial court to review Father's objections without a transcript when it discovered that a transcript of the December 10, 2002 hearing existed. On its face, Father's objections clearly challenged the magistrate's findings of fact. In order to properly review and rule on Father's objections, the trial court should have ordered Appellant to comply with the January 10, 2003, order to file a transcript. With a transcript, the trial court could have properly reviewed both the magistrate's findings of fact and conclusions of law.
 {¶ 24} Because this Court finds that the trial court's decision to sustain Father's objections was unreasonable, Mother's first assignment of error is well taken.
 Assignment of Error Number Two
"The trial court erred as a matter of law and abused its discretion by decreasing [father's] child support obligation as a result of determining that [father's] income should be reduced."
 Assignment of Error Number Three
"The trial court erred as a matter of law by using a defective Child Support Worksheet Program which did not correctly calculate the tax credit on [mother's] day care expense and which decreased [father's] child support obligation."
 Assignment of Error Number Four
"The trial court erred as a matter of law, abused its discretion, and ruled against the weight of the evidence to grant [father] a deduction on his child support obligation for cost of health insurance when the only information before the court was that he had no health insurance payment."
 Assignment of Error Number Five
"The trial court erred as a matter of law and abused its discretion to order [father] to pay only 38% of the extraordinary out-of-pocket health care costs."
 Assignment of Error Number Six
"The trial court erred as a matter of law and abused its discretion to redesignate the Income Tax Dependency Exemptions giving both dependency exemptions to the [non-residential] parent, [father]."
 {¶ 25} Mother's second, third, fourth, fifth and sixth assignments of error discuss errors the trial court made in determining Father's child support obligation and in the child support worksheet. In light of our disposition of Mother's first assignment of error, we need not address the merits of her remaining assignments of error. See App.R. 12(A)(1)(c).
 III {¶ 26} Mother's first assignment of error is sustained; we decline to address the merits of her second, third, fourth, fifth and sixth assignments of error. The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, Domestic Relations Division, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Beth Whitmore for the Court Slaby, P.J., concurs.
[1] The appellate court in Wade concluded that the trial court erred when it considered the objecting party's objections because the objecting party failed to comply with Civ.R.53(E)(6); the objecting party provided the trial court with partial transcripts to support his objections. Pursuant to Civ.R. 53(E)(6), which was later amended and now reflects the language contained in the current version of Civ.R. 53(E)(3)(b), "[t]he court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that findings supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available." (Emphasis omitted.) Wade, 113 Ohio App.3d at 418.