DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Heather Bartell, appeals from the order of the Summit County Court of Common Pleas, Domestic Relations Division, which granted appellee's motion to modify child support and calculated such modification based on appellee's then-current income, rather than on an average of appellee's most recent annual incomes. This Court reverses and remands.
 I. {¶ 2} In November, 2001, appellant filed a complaint to establish a parentchild relationship between the subject child and appellee. In June, 2002, appellee was determined to be the biological father of the child and was ordered to pay child support in the amount of $1,120.65 per month, plus processing charges.
 {¶ 3} On October 29, 2003, appellee filed a motion for modification (of) child support, alleging that his income had been substantially reduced since the initial calculation, while appellant's income had increased during the same period. Appellant did not file a motion in opposition, and the matter was scheduled for hearing before the magistrate.
 {¶ 4} The magistrate made the following finding of fact after hearing:
"4. Defendant is also employed through Raintree and Prestwick golf courses. He receives a salary and is also a 20% shareholder in the Subchapter S corporations that own the courses. In the last three years his income is as follows:
 2001 2002 2003
Salary Raintree $31,999.76 $31,999.26(sic) $45,617.00
Salary Prestwick 60,000.00 -0- -0-
Interest 1,379.00 468.00 73.00
Net Rental Income 3,616.00 3,392.00 6,800.00
S Corp. 32,645.00 28,644.00 5,602.00
 _________ _________ __________
Total $129,639.76 64,503.76 58,092.00

"It is reasonable to average Defendant's income due to the fluctuation from year to year. The average of the above three years is $84,078. Defendant also has a biological child from another relationship living with him."
 {¶ 5} Based on the determination that appellee's income had fluctuated over the years, the magistrate recalculated the child support due from appellee to $772.68 per month or $9,272.20 per year. The recalculated child support was based on appellee's average annual income of $84,078.00.
 {¶ 6} Appellee objected to the magistrate's decision, arguing that the magistrate misapplied R.C. 3119.05(H) and erred by averaging appellee's past annual incomes to calculate his gross income from which a modified child support order would issue. Specifically, appellee argued in his objection that the magistrate failed to "set forth in her decision why it is appropriate to average income of [appellee]." Appellee argued that averaging income is appropriate "when you have income that is like a roller coaster going up and down over a period of years[,]" rather than when the income has steadily declined, as he claimed was the case with his own income.
 {¶ 7} When appellee filed his initial timely objection, he further filed a praecipe with the court reporter, requesting preparation of a transcript of the child support modification hearing. Appellee requested, and received, leave to file his brief in support of his objection within fourteen days from the date of filing of the transcript. Subsequently, however, the trial court informed appellee that the child support modification hearing before the magistrate had inadvertently not been recorded. The trial court directed both parties to file affidavits of all information presented at hearing to the court by March 19, 2004. In the alternative, the parties were permitted to file a joint stipulation as to the facts by the same date. The parties failed to comply with either alternative.
 {¶ 8} In his supplemental brief, appellee asserted that a transcript of the modification hearing was not necessary to the court's determination of appellee's objection, because appellee agreed with the magistrate's finding of facts. Appellee then proceeded in his brief to challenge the magistrate's factual finding that appellee's income had fluctuated.
 {¶ 9} Appellant filed a response to appellee's objection, arguing that the magistrate was correct to average appellee's income; because appellee had been manipulating his gross income to reduce his child support obligation. Appellant asserted in her response that she concurred with appellee that "the Findings of Fact utilized by the Magistrate in the 2-24-04 Decision correctly set forth information presented to her, but inadvertently not transcribed at the 2-9-04 Hearing."
 {¶ 10} On March 25, 2004, the trial court issued its judgment entry sustaining appellee's objection to the magistrate's decision. While the trial court noted appellant's argument that appellee began manipulating his income after appellant filed the parenting complaint, the trial court did not address that argument in substance. Instead, the trial court only addressed the issue of the propriety of the magistrate's averaging appellee's past incomes to calculate his gross income from which to determine an appropriate child support order.
 {¶ 11} The trial court cited several cases from this Court and the Fifth District Court of Appeals in support of the proposition that it is appropriate to average an obligor's past incomes only where the obligor's earnings are typically unpredictable, inconsistent or vary significantly from year to year. The trial court then, without the benefit of a transcript, affidavits or stipulations as to the evidence adduced at the modification hearing, found that, while appellee's income appeared to be somewhat unpredictable, it had not fluctuated. Rather, the trial court found that appellee's income had steadily decreased during the past three years. Upon that finding, the trial court then recalculated appellee's child support obligation based on his most recent annual income, i.e., $58,092.00. The trial court ordered appellee to pay child support in the amount of $574.46 per month, after finding the requisite 10% deviation from the then-current child support order. Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in overruling the magistrate's decision to "average" the appellee's income."
 {¶ 12} Appellant argues that the trial court abused its discretion, when it overruled the magistrate's decision, which averaged appellee's income to determine appellee's gross income. Specifically, appellant argues that the trial court's judgment entry does not properly analogize the facts of this case to the case law relevant to the issue of the averaging of income, pursuant to R.C. 3119.05(H). This Court agrees.
 {¶ 13} Civ. R. 53(E)(3)(c) states:
"If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 14} The party who objects to the magistrate's decision has the duty to provide a transcript to the trial court. Weitzel v. Way, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 17. In cases where a transcript is not available, however, Civ. R. 53(E)(3)(c) allows the objecting party to support his objections with an affidavit of all the relevant evidence adduced at hearing. Id., citing Galewood v. Terry Lumber Supply Co.,
9th Dist. No. 20770, 2002-Ohio-947.
 {¶ 15} When disposing of objections, the trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter" pursuant to Civ. R. 53(E)(4)(b). In cases where the objecting party fails to provide a transcript or affidavit, however, the trial court "`is limited to an examination of the [magistrate's] conclusions of law and recommendations, in light of the accompanying findings of fact onlyunless the trial court elects to hold further hearings.'" Weitzel
at ¶ 18, citing Wade v. Wade (1996), 113 Ohio App.3d 414, 418. In addition, "`regardless of whether a transcript has been filed, the trial judge always has the authority to determine if the [magistrate's] findings of fact are sufficient to support the conclusions of law drawn therefrom [and] come to a different legal conclusion if that conclusion is supported by the [magistrate's] findings of fact.'" Weitzel at ¶ 18, citing Wade, 113 Ohio App.3d at 418, quoting Hearn v. Broadwater
(1994), 105 Ohio App.3d 586.
 {¶ 16} Upon appellate review, this Court is limited to determining whether the trial court abused its discretion in rejecting and modifying the magistrate's decision, where the objecting party failed to provide a transcript or affidavit to the trial court in support of his objection.Weitzel at ¶ 19. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 17} In the underlying case, appellee timely filed his objection to the magistrate's decision and a praecipe to the court reporter, directing preparation of the transcript and record of the February 9, 2004, modification hearing. Upon notification that the modification hearing had inadvertently not been tape recorded, the trial court directed the parties to file affidavits or stipulations of the evidence adduced at hearing. Neither party complied, instead asserting in briefs that there was no dispute as to the magistrate's findings of fact. The issue appellee raised on objection, however, addressed the magistrate's finding that appellee's income had fluctuated over the years, so that the averaging of his income during the past three years was appropriate to a calculation of appellee's gross income.
 {¶ 18} This Court finds that the trial court abused its discretion, when it sustained appellee's objection, rejecting in part and modifying in part the magistrate's decision. In its final judgment entry, the trial court went into great detail regarding the factual situations in which the courts have found the averaging of income to be appropriate. Then, in reliance on the magistrate's findings of fact regarding appellee's past income, the trial court found that appellee's income had steadily decreased rather than fluctuated. Such finding, however, does not comport with the magistrate's finding of facts.
 {¶ 19} The magistrate's findings clearly indicate that, while appellee's income from some sources had decreased or disappeared, appellee's income from other sources increased. Without a transcript or affidavit of the evidence from the February 9, 2004, hearing, the trial court abused its discretion by determining that appellee's income history did not comport with factual scenarios which mitigated in favor of income averaging. "`Where the failure to provide the relevant portions of the transcript or suitable alternative is clear on the face of the submissions, the trial court cannot then address the merits of the factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection.'" Weitzel at ¶ 21, citing Wade,113 Ohio App.3d at 418. That appellee couched his objection in terms of the magistrate's interpretation of law did not obviate the trial court's obligation to apply the magistrate's factual findings to its determination whether income averaging was appropriate in this instance. This the trial court did not do. Rather, the trial court reinterpreted the facts without the benefit of any transcript or affidavit to substantiate such reinterpretation.
 {¶ 20} In this case, because appellee's objection was based on factual determinations, appellee was required to submit either a transcript or affidavit of the evidence adduced at hearing in support of his objection. McClain v. Taylor, 9th Dist. No. 02CA0027-M, 2003-Ohio-248, at ¶ 9. In his objections, appellee cited to R.C. 3119.05(H), which states that "[w]hen the court or agency calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years." Appellee then argued that it is only appropriate to average income when the obligor's past income "has a history of going up and down like a roller coaster and this has been going on for a period of years[.]" This argument is clearly directed at the magistrate's factual finding that appellee's income had fluctuated. Therefore, the trial court abused its discretion by reviewing those factual findings without the benefit of a transcript or affidavit of the evidence as required by Civ. R. 53(E)(3)(c) to find that appellee's income had not fluctuated.
 {¶ 21} This Court finds that the trial court abused its discretion by sustaining appellee's objection to the magistrate's decision. As a result, appellant's assignment of error is sustained.
 III. {¶ 22} Appellant's assignment of error is sustained. Accordingly, the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellee.
Exceptions.
Slaby, J. Batchelder, J. Concur.