OPINION.
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and Appellant's pro se brief. Appellant, Jerry Boswell, appeals the judgment of the Steubenville Municipal Court adopting the decision of the magistrate that Appellee, Wheeling Canvas Products, was not negligent in installing an awning. Because Boswell failed to provide a transcript of the proceedings before the magistrate, we cannot now say that the trial court abused its discretion in adopting the decision of the magistrate, especially when Boswell's arguments heavily rely upon facts not described in the magistrate's decision. Accordingly, the judgment of the trial court is affirmed.
 Facts {¶ 2} According to the findings of the magistrate, in the summer of 2004, Wheeling Canvas Products installed awnings over the front door and window of Boswell's offices located at 139 North Third Street, Steubenville, Ohio. On November 10, 2005, the awning over the window came loose from its moorings and the metal frame broke the window. An outside light was also damaged. The awning and frame were undamaged. Boswell incurred a cost of $490.00 to replace the window and $25.00 to replace the light.
 {¶ 3} Boswell contends that Wheeling Canvas Products was negligent by failing to install the awnings securely. He also argues that the screws holding the awning in place were not long enough and therefore came loose causing damage to the window.
 {¶ 4} To the contrary, Wheeling Canvas Products claimed that the awnings were ordered from a company and all were properly installed. It also contends that the screws were long enough and were the appropriate screws, as the manufacturer supplied them.
 {¶ 5} An examination of a sample bracket and screw indicated that the brackets were cast aluminum and the screws were galvanized steel. There was no testimony that the screws had rusted or deteriorated in any manner.
 {¶ 6} After hearing this evidence, the magistrate decided that Boswell had not proven that Wheeling Canvas Products was negligent. The magistrate explained that awnings are subject to frequent buffeting by high winds and it is logical that nuts and bolts will come loose with time. The mere fact that Wheeling Canvas Products did not use a longer screw to install the awnings is not negligence. In fact, the magistrate concluded, it could be argued that Boswell could have exercised preventative maintenance by periodically checking the nuts and bolts and making sure they were tight. The magistrate then dismissed that case at Boswell's costs. In response, Boswell filed an objection that heavily relied upon facts not found in the magistrate's decision without filing a transcript of the record.
 {¶ 7} Accordingly, the trial court adopted the magistrate's decision explaining that 1) no request was made for additional evidence, 2) no transcript was attached to support the objections, and the magistrate was the trier of fact and his decision was based upon evidence presented at trial and included in his findings, in that damage incurred after heavy winds and that screws used were those supplied by manufacturer.
 Objections to Magistrate's Decision {¶ 8} Boswell's sole assignment of error alleges:
 {¶ 9} "The decision by the lower court was contrary to the facts, circumstances and logic."
 {¶ 10} Former Civ.R. 53(E)(3)(c) states:
 {¶ 11} "If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 12} The party who objects to the magistrate's decision has the duty to provide a transcript to the trial court. Weitzel v. Way, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 17. In cases where a transcript is not available, however, Civ.R. 53(E)(3)(c) allows the objecting party to support his objections with an affidavit of all the relevant evidence adduced at hearing. Id., citing Galewood v. Terry Lumber SupplyCo., 9th Dist. No. 20770, 2002-Ohio-947.
 {¶ 13} When disposing of objections, the trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter" pursuant to Civ.R. 53(E)(4)(b). In cases where the objecting party fails to provide a transcript or affidavit, however, the trial court " `is limited to an examination of the [magistrate's] conclusions of law and recommendations, in light of the accompanying findings of fact only unless the trial court elects to hold further hearings." `Weitzel at ¶ 18, citing Wade v. Wade (1996), 113 Ohio App.3d 414, 418. In addition, " `regardless of whether a transcript has been filed, the trial judge always has the authority to determine if the [magistrate's] findings of fact are sufficient to support the conclusions of law drawn therefrom [and] come to a different legal conclusion if that conclusion is supported by the [magistrate's] findings of fact." ` Weitzel at ¶ 18, citing Wade, 113 Ohio App.3d at 418, quoting Hearn v.Broadwater (1994), 105 Ohio App.3d 586.
 {¶ 14} Upon appellate review, this Court is limited to determining whether the trial court abused its discretion in rejecting and modifying the magistrate's decision, where the objecting party failed to provide a transcript or affidavit to the trial court in support of his objection.Weitzel at ¶ 19. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 15} In the present case, Boswell makes arguments both in his initial objection and on appeal which rely on facts not in evidence. Accordingly, the trial court properly disregarded such arguments, and we are likewise precluded from addressing them by Civ.R. 53.
 {¶ 16} Reviewing the facts as are described in the magistrate's decision, the magistrate reasonably concluded that Wheeling Canvas Products was not negligent in installing the awning as they used the screws which were supplied by the manufacturer.
As for whether or not the screws were properly installed, the magistrate reasonably concluded that awnings would be exposed and affected by winds and it would not be surprising that awning bolts could become loose. Because these are both reasonable conclusions, the trial court did not abuse its discretion in adopting these findings, especially given the fact that the proceedings before the magistrate were not transcribed.
 {¶ 17} Accordingly, Boswell's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.