DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Medical Mutual of Ohio, appeals from the judgment of the Barberton Municipal Court. This Court affirms.
 I. {¶ 2} Appellee, Martha Vidalis, brought the within action against Appellant seeking payment of emergency treatment she received at Barberton Citizens Hospital on March 30, 2006 for back pain. Appellee is covered by a contract of group health insurance issued by Appellant. The action proceeded to trial before a magistrate on December 27, 2006. The magistrate found that *Page 2 
Appellee's condition constituted an "emergency" as defined under Appellee's insurance policy with Appellant and that her treatment was covered under the policy. Appellant timely filed objections to the magistrate's decision. On February 8, 2007, the trial court overruled Appellant's objections. On February 9, 2007, the trial court adopted the magistrate's decision and entered judgment for Appellee. Appellant timely filed a notice of appeal, raising one assignment of error for our review. On March 29, 2007, the trial court issued a Civ.R. 9(C) approved statement of the evidence. Appellee did not file an appellate brief.
 II. ASSIGNMENT OF ERROR "THE MUNICIPAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLEE'S EMERGENCY ROOM VISIT WAS COVERED UNDER APPELLANT'S GROUP HEALTH INSURANCE CONTRACT, WHERE THE POLICY SPECIFICALLY EXCLUDES EMERGENCY TREATMENT FOR `CHRONIC CONDITIONS' UNLESS AN ACUTE, LIFE-THREATENING ATTACK OCCURS."
 {¶ 3} In Appellant's sole assignment of error, it contends that the trial court erred as a matter of law in finding that Appellee's emergency room visit was covered under Appellant's health insurance policy because the policy specifically excluded emergency treatment for chronic conditions unless a person suffered an acute, life-threatening attack. We find no merit in this contention.
 {¶ 4} At the outset, we note that Appellant has actually challenged the trial court's factual findings, not its application of the law. In its brief, Appellant *Page 3 
alleges that "[t]he Magistrate's findings are not supported by the record" and that Appellee's "condition * * * did not rise to the level of an emergency, as defined by [Appellant's] policy."
 {¶ 5} The party who objects to the magistrate's decision has the duty to provide a transcript to the trial court. Weitzel v. Way, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 17. In cases where a transcript is not available, however, Civ.R. 53(D)(3)(b)(iii) allows the objecting party to support its objections with an affidavit of all the relevant evidence adduced at hearing. Id., citing Galewood v. Terry Lumber SupplyCo. (Mar. 6, 2002), 9th Dist. No. 20770, *2-3. Civ.R. 53(D)(3)(b)(iii) provides:
 "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."
 {¶ 6} In cases where the objecting party fails to provide a transcript or affidavit, the trial court "`is limited to an examination of the [magistrate's] conclusions of law and recommendations, in light of the accompanying findings of fact only unless the trial court elects to hold further hearings.'" (Emphasis omitted.) Weitzel, at ¶ 18, quotingWade v. Wade (1996), 113 Ohio App.3d 414, *Page 4 
418. In addition, "`[r]egardless of whether a transcript has been filed, the trial judge always has the authority to determine if the [magistrate's] findings of fact are sufficient to support the conclusions of law drawn therefrom [and] come to a different legal conclusion if that conclusion is supported by the [magistrate's] findings of fact.'" (Emphasis omitted.) Weitzel, at ¶ 18, quotingWade, 113 Ohio App.3d at 418.
 {¶ 7} Upon appellate review, this Court is limited to determining whether the trial court abused its discretion in adopting the magistrate's decision, where the objecting party failed to provide a transcript or affidavit to the trial court in support of its objection.Weitzel, at ¶ 19. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} In the underlying case, Appellant timely filed its objections to the magistrate's decision. However, the record reflects that Appellant failed to provide the trial court with either a transcript of the evidence from the magistrate's hearing or an affidavit. The trial court did not hold an additional hearing. The *Page 5 
trial court reviewed and adopted the magistrate's decision and entered judgment in favor of Appellee in the amount recommended by the magistrate.
 {¶ 9} Appellant attempted to remedy the lack of a transcript by filing an App.R. 9(C) statement of the evidence and proceedings. We find that we are precluded from reviewing this App.R. 9(C) statement of evidence. See Blaser v. McNulty, 5th Dist. No. 2006 CA 00222, 2007-Ohio-3320, at ¶ 23. In State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730, the Ohio Supreme Court explained:
 "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. (Citations omitted)."
 {¶ 10} This Court has held that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. Haley v. Wilson, 9th Dist. No. 20967, 2002-Ohio-3987, at ¶ 5, citing Hale v. Hale (Jan. 26, 2000), 9th Dist. No. 2935 M.
 {¶ 11} Accordingly, for the foregoing reasons, we find that the trial court did not abuse its discretion in overruling Appellant's objections and adopting the magistrate's decision that Appellee's emergency room visit was covered under Appellant's health insurance policy. Appellant did not request at the time it filed *Page 6 
its objections that a transcript of the proceedings before the magistrate be prepared. Furthermore, Appellant did not prepare an affidavit in place of the transcript. Appellant's assignment of error is overruled.
 III. {¶ 12} Appellant's assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 7 
Costs taxed to Appellant.
WHITMORE, P. J. DICKINSON, J. CONCUR
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution.) *Page 1