JOURNAL ENTRY AND OPINION
{¶ 1} Fred Wyman, dba Protect-A-cote, appeals a magistrate's decision in the South Euclid Municipal Court in favor of appellee, Hope Miller, and the subsequent court action denying his objections to the magistrate's decision. After reviewing the record and the arguments of the parties, we affirm the lower court's ruling for reasons set forth below.
 {¶ 2} This matter arises from a dispute between the parties over work rendered by appellant for appellee. In August and September 2003, the parties entered into an agreement regarding work to be done on appellee's driveway. Specifically, the agreement called for appellant to repair appellee's driveway and run a drain to the down spout in exchange for the contract price of $3,300. Appellant initially completed the work in November 2003, and appellee paid him the full contract price. Appellant subsequently seal-coated appellee's driveway in May 2004.
 {¶ 3} Eventually, appellee began having problems with her driveway after the work had been completed. In August 2004, appellee filed a complaint against appellant in the South Euclid Municipal Court, Small Claims Division, claiming defective work resulting in damages. Pursuant to a pretrial held in September 2004, appellant attempted to remedy the problems in order to resolve the matter without proceeding to trial. These attempts did not rectify the inadequate driveway work to appellee's satisfaction, and trial proceeded as scheduled.
 {¶ 4} On November 2, 2004, trial went forward; however, appellant failed to appear. The trial proceeded with appellee presenting her case before the magistrate. On November 30, 2004, the magistrate journalized the following decision:
 {¶ 5} "Based on the evidence, the Magistrate finds that Defendant [Appellant] did not install or remedy the problems with the driveway in a proper, workmanlike manner. About forty (40%) of the original work must be redone. Accordingly, Plaintiff [Appellee] established damages of $1320.00 (i.e., 40% of the original contract price of $3300.00).
 {¶ 6} "Based on the foregoing, the Magistrate concludes that Plaintiff established the right to recover $1320.00, plus interest at the statutory rate from the date of judgment, and court costs."
 {¶ 7} On December 8, 2004, appellant filed an objection to the magistrate's decision. The trial court overruled the objection and entered an order affirming the magistrate's decision. Appellant now appeals those rulings arguing that the magistrate's ruling was against the manifest weight of the evidence and that the trial court's acceptance of that decision was reversible error.[1]
 {¶ 8} Appellant asserts that the magistrate's decision was against the manifest weight of the evidence and should be reversed. This court notes that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, at the syllabus. The trial court is in the best position to weigh the credibility of the proffered testimony, thus an appellate court is guided by the presumption that the findings of the trier of fact were correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 10 Ohio B. 408, 461 N.E.2d 1273. The trier of fact observes the witnesses and their demeanor, gestures, and voice inflections, making the fact finder the best judge of credibility. Id. The Ohio Supreme Court has found that this test applies to questions of sufficiency as well and that an appellate court may not substitute its judgment for that of the trial court. Columbia Oldsmobile, Inc. v. Montgomery (1990), 56 Ohio St.3d 60,564 N.E.2d 455.
 {¶ 9} The record indicates that the evidence submitted by appellee at trial was amply sufficient, competent, and credible to show that she sustained damages as a result of deficient work by appellant. Furthermore, due to appellant's failure to appear at trial, this evidence was uncontested. The evidence present by appellee was both physical and testimonial in nature. She testified to the contract that she and appellant had entered, and then to the problems that developed in the driveway shortly after the work had been completed (i.e. cracking, heaving and ponding). She supported her testimony with photographs. She further testified to the approximate portion of appellant's work that needed to be remedied. Therefore, the magistrate's decision was supported by ample evidence, and it cannot be said to be against the manifest weight of the evidence.
 {¶ 10} Appellant further contends that the trial court erred in adopting the magistrate's decision. This court notes that a trial court has great discretion in determining whether to sustain or overrule an objection to a magistrate's decision. Therefore, the decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal unless the decision is determined to be an abuse of discretion. Wade v.Wade (1996), 113 Ohio App.3d 414, 419, 680 N.E.2d 1305.
 {¶ 11} For this court to find an abuse of discretion, we must conclude that the determination by the trial court was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 5 Ohio B. 481, 450 N.E.2d 1140. Finding that the underlying magistrate's decision was not against the manifest weight of the evidence, we cannot now find that the trial court's ruling to adopt that decision was an abuse of discretion. Therefore, this argument also fails, and we find appellant's appeal to be without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Corrigan, J. concur.
[1] The assignments of error of Appellant, pro se, are paraphrased here to most accurately represent appellant's contentions.